(No. 13485.—Judgment affirmed.)

THE ROCKFORD CABINET COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(CARL E. LUND-
BERG, Admr. Defendant in Error.)

*Opinion filed December 21, 1920.*

1. WORKMEN'S COMPENSATION—*when Supreme Court cannot re-
view question of dependency.* The question of dependency and the
extent of it, under the Compensation act, is a question of fact, and
if there is evidence tending to sustain the finding of the Industrial
Commission the Supreme Court cannot review such finding.

2. SAME—*who is a dependent.* A dependent is one who is sus-
tained by another or who relies on another for support or for rea-
sonable necessaries consistent with the dependent's position in life.

3. SAME—*what tends to show partial dependency.* Proof that
the deceased employee, who was seventeen years old, lived at home
and gave his wages to his mother, who mingled such fund with
money received from the father and an employed sister of the de-
ceased and used it in the up-keep and maintenance of the family
home, tends to show partial dependency upon the deceased of his
mother and of his minor sister, who lived at home but was not a
wage earner.

4. SAME—*burden is on applicant to prove injury arose out of
and in course of employment.* To sustain an award for compensa-
tion there must be competent evidence that the accident or injury
arose out of and in the course of the employment of the injured
employee, and the burden of making such proof is upon the appli-
cant or his legal representative.

5. SAME—*when injury does not arise out of employment.* If an
employee is injured while in the act of violating an instruction of
his employer, by which violation he is taken outside of the scope
of his employment, the injury does not arise out of the employment.

6. SAME—*when an alleged violation of instruction does not bar
compensation.* Compensation for the death of an employee who
fell from a freight elevator will not be denied on the ground that
the employee, when first employed, had been instructed not to use
the elevator, where the evidence tends to show that the deceased
had been employed long enough to be included in the class of work-
men allowed to use the elevator and that he had used it alone sev-
eral times.

WRIT OF ERROR to the Circuit Court of Winnebago
county; the Hon. ROBERT K. WELSH, Judge, presiding.

A. D. EARLY, and B. B. EARLY, for plaintiff in error.

ROY F. HALL, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes to this court by writ of error to the circuit court of Winnebago county to review a judgment confirming an award of the Industrial Commission of Illinois. The errors assigned raise the questions of dependency and whether the injury arose out of and in the course of the employment of the deceased employee, Alexander Lundberg. The Industrial Commission entered an award in the sum of $1650 under paragraph (c) of section 7 of the Compensation act.

Alexander Lundberg at the time of his death, November 6, 1918, was seventeen years of age and lived with his parents as a member of the family, consisting of the father, the mother, a sister sixteen years of age and a sister eleven years of age. At the time of the injury he was working for the plaintiff in error and had been for about two months, and the average wage of other employees engaged in the same class of work as the deceased at the time of the injury is $13.06 per week. The deceased was paid twice a month, and the testimony shows that on each payday he gave the money so received to his mother, and the mother mingled the same with the earnings of the father and one sister, who were also wage earners, and all was used for the up-keep and maintenance of the home. The mother and younger sister were not wage earners but were dependent upon said income. From this common fund the mother of the deceased purchased his clothes along with those of other members of the family. The deceased assisted his father in cultivating about seven acres of land connected with the home and did such other work as a boy of his age would be expected to do.

The question of dependency and extent of it under the Workmen's Compensation act is a question of fact, and where there is evidence tending to sustain the finding of the commission this court is without jurisdiction to review such finding. In law a dependent is one who is sustained by another or who relies upon another for support or for reasonable necessaries consistent with the dependent's position in life. (*Rock Island Iron Works* v. *Industrial Com.* 287 Ill. 648.) Under the showing in this case there was a partial dependency on the part of the mother and minor sister which entitled the claimant to the award made here, if otherwise the claim therefor is valid.

At the time of the injury the deceased was employed by the plaintiff in error to assist an operator of a machine-driven saw. The testimony shows that it was the duty of the deceased to take the lumber as it came from the saw and place a portion of it on a truck. The truck was then moved over to a double saw on the same floor. Sometimes the deceased moved the truck and at other times assisted in so doing. After the pieces were delivered to the double saw the deceased would return to his original position and fill another truck. In case there were insufficient trucks on the floor on which the deceased was working, he and the man operating the saw would go to the next floor and secure a truck, bringing it down by means of an elevator. The employees who handled the trucks were called "truckers." At the time of the employment of the deceased the superintendent of plaintiff in error told him not to go up on the elevator except in company with the man he was helping. On the elevator appeared the following: "For using the elevator—No one allowed to run the elevator except the trucker, without permission." The testimony is conflicting as to the use of the elevator, but there is testimony tending to show that the deceased had been seen using it about a week before his injury and that employees other than truckers were in the habit of running the ele-

vator; that any one of the "old men" that knew how to run the elevator was permitted to run it, to the knowledge of the plaintiff in error. The deceased had been seen twice on the elevator alone and at other times in company with the truckers or older employees. On the day of the injury the deceased, as was the custom, ate his lunch on the premises. There was no particular place for the employees to go while eating their lunch but each sought out a place at his convenience. One-half hour was set apart for this purpose. Just prior to the injury the whistle had blown notifying the employees to return to work and some had gone to their machines and were oiling them preparatory to actual operation. The deceased was seen on the elevator between the first and second floors immediately after the whistle blew. He was alone, and for some reason not shown by the evidence he fell from the elevator to the bottom of the elevator shaft and was killed. After the deceased fell another employee stopped the movement of the elevator by reaching in and taking hold of the cable. When stopped the elevator was a few feet above the second floor. This elevator was used for the purpose of carrying freight, and was intended to be used only by those engaged in moving objects from one floor to the other.

It is contended by the plaintiff in error that the fact of disobedience of instructions by the deceased in operating the elevator unaccompanied by a trucker or older employee while not in the performance of any of the duties of his employment makes the injury one not arising out of the employment. It is the well settled rule in this State that to sustain an award for compensation there must be some competent evidence that the accident or injury arose out of and in the course of employment of the injured employee. The burden of making such proof is upon the applicant or his legal representative. (*Wisconsin Steel Co.* v. *Industrial Board,* 288 Ill. 206; *Peterson* v. *Industrial Board,* 281 id. 326; *Northern Illinois Traction Co.* v. *Industrial Board,*

279 id. 565.) . If the injured employee receive such injury in the act of violating an instruction of his employer, by which violation he is taken outside of the scope of his employment, the injury cannot be said to have arisen out of his employment. (*Nelson Construction Co.* v. *Industrial Com.* 286 Ill. 632; *United Disposal Co.* v. *Industrial Com.* 291 id. 480.) It appears from the testimony of the superintendent of the plaintiff in error that men who have been engaged for a sufficient length of time to be characterized as "old men" about the plant were allowed to run the elevator in question but that new men were cautioned not to do so. It also appears from his testimony that the deceased, when he was employed, was cautioned not to run the elevator. Deceased had been employed for two months. Whether he was to be characterized as an "old man" or a "new man" was a question of fact, depending upon all of the circumstances of the case. It is evident that the warning against the use of this elevator was not intended to apply to him for an indefinite period of employment, but until such time as he had become sufficiently experienced to become characterized as one of the "old men" in plaintiff in error's employ. Whether he was to be so considered at the time of the injury was a question of fact, concerning which, on the record in this case, we are unable to say that there was no evidence. There was evidence in the record tending to show that he was a trucker,—that is, that he moved the trucks upon which the pieces of lumber were laid. It is undisputed that truckers were allowed to use this elevator. Deceased appears to have at times done whatever work was necessary to be done in connection with trucking. We are of the opinion, therefore, that there is evidence in the record tending to show that the injury arose out of and in the course of the employment of the deceased.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*