[No. 17887. Department One. June 27, 1923.]

GEORGE W. McINTIRE *et al., Respondents,* v. THE
DEPARTMENT OF LABOR AND INDUSTRIES,
*Appellant.*[1]

MASTER AND SERVANT (121-2) — WORKMEN'S COMPENSATION — DE-
PENDENTS — EVIDENCE — SUFFICIENCY. Findings that a father and
mother were dependents and entitled, under the industrial insurance
act, to compensation for the death of their son, killed in an extra-
hazardous employment, are sustained, where it appears that the
family lived on a small farm subject to mortgage, that the father
was in poor health and unable to support his family and pay taxes
and interest, but was compelled to and did rely on his son, who
lived at home and turned over practically all his wages to his
parents for the family's support.

SAME (121-2) — WORKMEN'S COMPENSATION — ALLOWANCE TO DE-
PENDENTS — CONTRIBUTIONS BY WORKMAN — EVIDENCE — SUFFICIENCY.
Under Rem. Comp. Stat., § 7679, providing for compensation to
dependents for a death in extra-hazardous employments equal to fifty
per cent of the average monthly support actually received from
decedent, not in any case to exceed twenty dollars a month, an
allowance of twenty dollars a month to parents for the death of a
son is proper where his contributions had exceeded forty dollars a
month during the past year.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered January 5, 1923,
upon findings in favor of the plaintiffs, reversing an
order of the department of labor and industries deny-
ing a claim for compensation under the workmen's
compensation act. Affirmed.

*The Attorney General* and *John H. Dunbar, Assist-
ant,* for appellant.

*Dysart & Ellsbury,* for respondents.

MITCHELL, J.—Harry McIntire, twenty-four years of
age and never married, was killed while engaged in

[1]Reported in 216 Pac. 7.

extra-hazardous employment. His father and mother, claiming they were dependents, filed their claim for payments under the industrial compensation act, with the department of labor and industries of the state. The department rejected their claim. On appeal to the superior court, the order of the department rejecting the claim was reversed and judgment entered for the claimants, from which the department has appealed.

As stated in appellant's brief, the only issues involved are whether or not the respondents were dependents, in whole or in part, on the earnings of their son, Harry McIntire, at the time he was killed, and if so, what was the actual monthly support during the year immediately preceding his death.

The mother and father, George W. and Amelia May McIntire, for a great number of years owned and lived on an eighty-acre farm in a rather remote section of Lewis county. Some twenty acres of it were cleared and fairly suitable for cultivation. The farm had an appreciable value, though for some time they had unsuccessfully tried to sell it. They had placed a $1,600 mortgage on it which was still outstanding. The family consisted of the parents, Harry, who was killed, and a son fifteen years of age. The trial court found that the father, by reason of his debilitated physical condition, was unable to support himself and family by his own efforts at the time of the death of his son, and was compelled to rely and did rely and depend on the earnings of his son Harry for the support of himself, wife and minor son. The father was never prepared for any kind of work other than manual labor, and for the last few years was in a rather bad way for that. He received some pay for driving a team in road work in the neighborhood and a small income from the sale of milk produced on the farm, but altogether not enough

to support the family as they were reasonably accustomed to live, and to pay expenses, taxes and interest on their mortgage. Much or the most of the farm work was done by Harry and his young brother. Harry at all times had lived at home as a member of the family, and of late years had worked most of the time in a logging camp nearby, turning all his earnings, other than enough to buy for occasional small items purchased at his employers' company store, each month regularly over to his parents for the support of the family, just as he had always done after he was large enough to work out. It must be thought, of course, that the family could have supported life and gotten along some way without contribution from the deceased son, but it is pretty clearly certain that the contributions from the son through his work were looked to, depended and relied on in substantial part by the family for means of reasonable support.

It would be difficult, if not impossible, to lay down a hard and fast rule in the matter of detail including a standard of living, by which to apply with unerring precision that idea of dependence contemplated by the statute in question. The statute itself is a liberal one, defining a dependent to mean certain specified relatives of the deceased workman ". . . who at the time of the accident are dependent in whole or in part for their support upon the earnings of the workman." Section 7675, Rem. Comp. Stat. [P. C. § 3470.]

The father was in a poor condition physically to earn a living, more so the last few years than formerly. The respondents had regularly for more than a year received the willing contributions of their son after he had passed the age of majority. Manifestly, with the knowledge and consent of the son, the respondents had depended and relied to a substantial extent upon that

support for the ordinary necessaries of life for persons in their station socially and financially. That, we think, is the test and puts this case within the provisions of the statute. Cases from other jurisdictions holding similarly upon the subject are as follows, without quoting from them: *Rock Island Bridge & Iron Works v. Industrial Commission,* ᐟ 7 Ill. 648, 122 N. E. 830; *Henry Pratt & Co. v. Indust  l Commission,* 293 Ill. 367, 127 N. E. 754; *Poccardi v.  tate Compensation Commission,* 79 W. Va. 684, 91 S. E. 663; *Lowe Co. v. Industrial Commission,* 56 Utah 519, 190 Pac. 934; *Cramer v. West Bay City Sugar Co.,* 201 Mich. 500, 167 N. W. 843; *Powers v. Hotel Bond Co.,* 89 Conn. 143, 93 Atl. 245; *Howells v. Vivian and Sons* (1902), 85 Law T. (N. S.) 529.

The other question on the appeal relates to the amount of the allowance provided for in the judgment. The statute applicable to this case provides: ". . . a monthly payment shall be made to each dependent equal to fifty per cent of the average monthly support actually received by such dependent from the workman during the twelve months next preceding the occurrence of the injury, but the total payment to all dependents, in any case shall not exceed twenty dollars ($20) per month." Paragraph 3, subd. a, § 7679, Rem. Comp. Stat. [P. C. § 3472.] While in this case, because no account was kept between the parties, it is difficult to determine with certainty the amount of the contributions made by the decedent to his parents during the twelve months preceding his death (which of itself is a rather strong suggestion and argument in favor of the finding that the contributions were depended and relied upon by the parties, and made by the son as a member of the family for their necessary support), it does satisfactorily appear that those contributions exceeded

$40 per month during the last twelve months, from which it follows that the amount of $20, allowed the parents by the judgment in this case, is fully warranted.

Judgment affirmed.

MAIN, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.