Argued September 21, affirmed November 2, petition for rehearing
denied December 1, petition for review denied December 30, 1970

HOUSLEY ET AL, *Respondents, v.* EVERTS'
COMMERCIAL TRANSPORT, INC., *Appellant.*

475 P2d 977

*Stuart E. Foster*, Medford, argued the cause for
appellant. On the brief were Frohnmayer & Death-
erage, Medford.

No appearance by respondents.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

The employer appeals this workmen's compensation case to this court after adverse rulings by the hearing officer, the board and the circuit court.

Robert Housley and Norma Jones Housley were married on July 29, 1968. She had been previously married and had three minor children thereby. She had their legal custody pursuant to the divorce decree and the children were living with her at the time of her marriage. Prior to her marriage to Mr. Housley she and the children were being supported by an Aid to Dependent Children grant, supplemented occasionally by partial support payments from her former husband.

Following their marriage the children continued to live in the home with their mother and stepfather. Mr. Housley was killed on the job in covered employment on August 8, 1968.

The question presented is whether the three minor children were children of the decedent within the meaning of ORS 656.002 (4).

That statute states:

"Child includes * * * a stepchild, if such stepchild was, at the time of the injury, a member of the workman's family and substantially dependent upon him for support. * * *"

It is conceded that the right of the widow and mother

to receive ADC support payments terminated upon her remarriage.

Appellant admits that the three children were members of the decedent's family at the time of his death, but contends that they were not "substantially dependent" upon him as required by the statute.

This contention is based in part upon the duty of the natural father by the divorce decree to contribute $50 a month per child, and in part on the fact that because of the very short duration of the marriage the decedent had not yet received a pay check prior to the fatal injury. The natural father had been so deficient in his payments that the welfare department in fact was making Aid to Dependent Children payments to the mother. Defendant asserts that since contempt proceedings had been initiated prior to the marriage, under which some past due payments had been begun by the natural father, there was insufficient showing here of support by the stepfather.

The tragic brevity of the marriage cannot alone operate to deprive these three stepchildren of the support normally to be anticipated when, as here, the stepfather has clearly assumed an ongoing responsibility for their support with his earnings taking the place of the welfare allotment, and the wife and mother not being employed outside the home.

In *Paul v. Industrial Acc. Com.*, 127 Or 599, 272 P 267 (1928), the Supreme Court said:

> "* * * All of the authorities agree that the question of whether or not claimants are dependent is one of fact. The authorities are unanimous in holding that dependency is determined as of the date of the fatal accident * * *." 127 Or at 603.

The court then pointed out:

"Dependents are not required to live on the barest necessities of life. The rule as stated by most of the authorities is that the surviving dependents are entitled to continue to live as they had been living prior to the accident. The basic idea of the statute is compensation. Surviving relatives within the class named in the statute to whose living decedent contributed and upon whom they relied partially or wholly for support are beneficiaries. * * *" 127 Or at 604.

We think the evidence clearly and amply supports the findings of the hearing officer, the board and the circuit court, and we agree with their unanimous conclusion that, as required by statute, the three minor children were indeed "substantially dependent" upon the workman "for support" at the time he was killed.

The judgment is affirmed.