Before STATE INDUSTRIAL COMMISSION.

In the Matter of the Claim of ELIZABETH K. CROCKETT, Widow, for Compensation to Herself under the Workmen's Compensation Law, for the Death of DAVIE MAYO CROCKETT, *v.* INTERNATIONAL RAILWAY COMPANY, Employer, and STATE INSURANCE FUND, Insurance Carrier.

Third Department, December 28, 1916.

Workmen's Compensation Law — "dependency," within meaning of section 16 of statute defined — "surviving wife" defined — surviving wife entitled to compensation, although married after injury resulting in death of husband.

The term " dependency " as used in the provision of section 16 of the Workmen's Compensation Law that "all questions of dependency shall be determined as of the time of the accident" should be restricted in its application to the same class of people to whom the term has previously been applied throughout the same section.   It does not apply to surviving wife and children, because as to them it is immaterial.

Hence, a surviving wife being one who survives her husband, irrespective of the time she married him, is entitled to compensation under the statute for the death of her husband, although she married him after the accident which resulted in his death.

CERTIFICATION by the State Industrial Commission to the Appellate Division, Third Department, of a question, pursuant

to section 23 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1916, chap. 622).

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the State Industrial Commission.

*Norton, Penney, Spring & Moore* [*R. C. Vaughan* of counsel], for the International Railway Company, employer.

COCHRANE, J.:

The employee received an injury on November 17, 1914, which resulted in his death December 17, 1914. Six days after receiving his injury and on November 23, 1914, he married the claimant, who as his surviving wife has been made an award by the State Industrial Commission under section 16 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1914, chap. 316).* The Commission certifies to this court the following question: "Is Elizabeth K. Crockett entitled to the award herein as the surviving wife of Davie Mayo Crockett, in view of the fact that she was not married to the said Davie Mayo Crockett until after the date of the injury received by said Davie Mayo Crockett which resulted in his death?"

The argument against the question is based on the last sentence of section 16, which is: "All questions of dependency shall be determined as of the time of the accident." Undoubtedly the term "dependents" is very frequently used in the statute as including wife and children. Instances to that effect are numerous. Death benefits payable to wife and children, however, in no respect rest upon the question of their dependency. That very clearly appears from said section 16. Death benefits under that section to all other persons rest on the dependency of such person or persons to the deceased employee. That is true of husband, parents, brothers, sisters, grandparents or grandchildren of the deceased. But a surviving wife and children under eighteen years of age are entitled to an award although they may be wealthy. The distinction

---

* Since amd. by Laws of 1916, chap. 622.— [REP.

exists because of the legal and moral responsibility of a husband and father to support his wife and children irrespective of their individual means of support. The phraseology of section 16 clearly indicates this distinction, and when, therefore, in the closing sentence of that section it is stated " all questions of dependency shall be determined as of the time of the accident " the term "dependency " as there used should be restricted in its application to the same class of people to whom the term has previously been applied throughout the same section. It does not apply to the surviving wife and children because as to them the question of dependency is immaterial. Questions of dependency are frequently questions of fact, and it was the purpose of the Legislature in the last sentence of section 16 to fix a time with reference to which that question of fact should be determined. But this question of dependency never can arise in the case of a surviving wife or children for the reason that section 16 gives them a right to an award irrespective· of that question. It is not the dependent wife but the " surviving wife " who is entitled to the award, and if the phraseology of the section be given its ordinary and natural meaning a " surviving wife " means a wife who survives her husband irrespective of the time she married him.

One of the fundamental rules in the construction of a statute is to consider the effects or consequences of the interpretation placed on such statute. The reasoning which would exclude this wife from the benefits of this statute simply because she was not a wife until after her husband received the injury which eventually caused his death would likewise in some cases exclude children from the benefits of the statute. A child under the statute includes a posthumous child. (§ 3, subd. 11.)* But suppose a man married before an injury, lives a year or longer after such injury and then dies in consequence thereof, and in the meantime a child or children be born to him before his death, such child or children would have to be excluded from the benefits of this statute if the widow in this case is to be excluded therefrom. It is unthinkable that the Legislature intended such a result.

---

* Since amd. by Laws of 1916, chap. 622.—[REP.

Furthermore, before the enactment of this statute a widow was entitled to recover for her husband's death as the result of negligence irrespective of the question whether the relation of husband and wife arose before or after the accident. (*Radley v. Leray Paper Company,* 214 N. Y. 32.) The Workmen's Compensation Law was enacted partly at least with reference to the legal status of a widow in cases based on negligence causing the death of her husband and it is not to be assumed that the Legislature intended to restrict or narrow her rights or to place her in any more disadvantageous position under the act than she occupied before.

The question certified should be answered in the affirmative.

All concurred.

Question certified answered in the affirmative.