# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK

Before STATE INDUSTRIAL BOARD, Respondent.

JOAN MUTIMER, Claimant, Respondent, *v.* GENERAL ELECTRIC COMPANY, Appellant.

Third Department, November 15, 1923.

**Workmen's compensation — claimant who entered into legal separation agreement with her husband, decedent, releasing him from all obligations for support and from all claims by her to his property is entitled to death benefits — dependency not condition to right of wife to death benefits under Workmen's Compensation Law, § 16 — under Workmen's Compensation Law, § 33, claimant cannot release her rights to death benefits except as provided by law.**

A woman who has entered into a legal contract of separation from her husband, releasing him from all responsibility for her support and maintenance and from all claims and property rights of every sort, including release of dower, is entitled to death benefits as " surviving wife " of her husband on his meeting death from an industrial accident subsequent to such separation.

Dependency is not a condition to the right of a surviving wife to death benefits under section 16 of the Workmen's Compensation Law.

The separation agreement cannot have the effect of releasing claimant's right to death benefits, since it is provided by section 33 of the Workmen's Compensation Law that compensation or benefits due under the law shall not be assigned, released or commuted except as provided therein.

APPEAL by the defendant, General Electric Company, from an award of the State Industrial Board, made on the 26th day of October, 1922.

*Richmond D. Moot,* for the appellant.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

HINMAN, J.:

The sole question in this case is whether a woman who has entered into a legal contract of separation from her husband, releasing him from all responsibility for her support and maintenance and from all claims and property rights of every sort including release of dower, is entitled to a death benefit as the widow of her husband on his meeting death from an industrial accident subsequent to such separation? There are no children of the marriage and there are no others entitled to death benefits as dependents. If the claimant is not entitled to this award as surviving wife of the deceased, an award must be made payable to the State Treasurer in the amounts and for the purposes mentioned in the Workmen's Compensation Law of 1922 (§ 15, subds. 8, 9).

The argument of appellant is that dependency is a fact essential to be found in order to sustain a claim for death benefits and that in the present case the claimant was not in any sense a dependent. It is urged that, under a provision of subdivision 5 of section 16 of the Workmen's Compensation Law of 1922, " all questions of dependency shall be determined as of the time of the accident; " that under subdivision 6 of section 2 of the Workmen's Compensation Law of 1922, compensation is defined as " the money allowance payable to an employee or to his dependents; " and that in section 33 of the Workmen's Compensation Law of 1922, there is a provision that " compensation and benefits shall be paid only to employees or their dependents." The statute, however, gives the right of death benefits to a " surviving wife " irrespective of the question of dependency. (Workmen's Compensation Law of 1922, § 16.) We so held in the case of *Crockett* v. *International R. Co.* (176 App. Div. 45) wherein it was decided that a surviving wife being one who survives her husband, irrespective of the time she married him, was entitled to compensation for the death of her husband by industrial accident, although she married him after the accident which resulted in his death. We said that the provision in section 16 of the Workmen's Compensation Law of 1914 (as amd. by Laws of 1914, chap. 316), to the effect that " all questions of dependency shall be determined as of the time of the accident " did not relate to a surviving wife and children because as to them the statute made dependency immaterial. We also said in that case that the term " dependents " is very frequently used in the statute as including wife and children but that death benefits payable to the wife and children in no respect rested upon the question of their dependency as clearly appears from said section 16.

Here the parties were legally separated and the reciprocal obligations of the husband and wife of consort and support were ter-

minated. Thereafter the wife was under no obligation to live with the husband and the husband was under no further obligation to live with or support his wife. The marriage contract, however, had not been dissolved by the separation agreement. The parties still remained husband and wife in the eye of the law. Neither the husband nor the wife was competent to contract a new marriage. They might have resumed marital relations by simply agreeing to disregard the contract. Within the ordinary and natural meaning of the term, claimant was the "surviving wife." Moreover, in section 33 of the Workmen's Compensation Law of 1922 it is provided that "compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter." It is clearly the policy of the law not to permit compensation or benefits due under this chapter to be released by the voluntary act of the beneficiary and we cannot say that the appellant here has been released from its obligation to pay this award to the claimant as surviving wife simply because she, of her own free will and for a valuable consideration, abandoned all claims against her husband and all rights to support and maintenance by the separation agreement.

The award should be affirmed, with costs in favor of the State Industrial Board.

COCHRANE, P. J., H. T. KELLOGG, HASBROUCK and MCCANN, JJ., concur.

Award unanimously affirmed, with costs in favor of the State Industrial Board.