Argued May 19, writ denied July 14, rehearing denied September 15, 1925.

# STATE EX REL. MEANEY *v.* STATE INDUS-TRIAL ACCIDENT COMMISSION ET AL.

### (237 Pac. 680.)

**Mandamus—Industrial Accident Commission Held Without Discretion in Executing Supreme Court Mandate.**

1. Where mandate of Supreme Court required Industrial Accident Commission to reinstate claimant under Workmen's Compensation Act, and to fix amount of compensation on basis of permanent total disability, and compute balance of unpaid compensation, Commission had no discretion, preventing enforcement of judgment by *mandamus.*

**Mandamus—Compensation Claimant Held not to have Adequate Remedy at Law.**

2. Where mandate of Supreme Court required Industrial Accident Commission to reinstate claimant under Workmen's Compensation Act, and fix compensation on basis of permanent total disability, and all matters of fact and law except that of fixing compensation had been determined, claimant does not have adequate remedy at law, preventing resort to *mandamus* to compel compliance with judgment entered on such mandate.

**Mandamus—Mandamus is Directed to Members of Industrial Accident Commission, Directing Them to Perform Statutory Duty.**

3. *Mandamus* to require Industrial Accident Commission to obey judgment of Circuit Court is not necessarily issued to office, but to members of Commission, directing them to perform statutory duty.

**Courts—Mandamus Case Held Proper One for Exercise of Original Jurisdiction.**

4. A *mandamus* proceeding to compel Industrial Accident Commission to obey judgment of Circuit Court, entered on mandate of Supreme Court, *held* a proper case for exercise of original jurisdiction of Supreme Court.

**Master and Servant—Compensation Because of Changed Condition cannot Antedate Application.**

5. Under Section 6632, subdivision (c), Or. L., compensation because of changed circumstances or a rearrangement cannot antedate application made therefor.

---

2. See 18 R. C. L. 132.

Master and Servant—Compensation Fixed and Dependents Determined as to Date of Injury.

6. Generally, compensation is fixed as of date injury was received, and dependents of injured workman determined as of that date.

Master and Servant—Compensation to Dependents Fixed as of Date of Injury.

7. Section 6626, subdivision 3, Or. L., providing for increase of monthly payments if injured workman has children, does not include children born subsequent to injury, in view of subdivision (g) and Section 6619.

See (1) 38 C. J. 642.   (2) 38 C. J. 567.   (3) 38 C. J. 934.   (4) 15 C. J. 1109.   (5) Workmen's Compensation Acts, C. J. 132.   (6) Workmen's Compensation Acts, C. J. 56, 117 (Anno.).   (7) Workmen's Compensation Acts, C. J. 56 (Anno.).

Original proceedings in *mandamus.*

This is a *mandamus* proceeding wherein the plaintiff seeks to require the defendants to obey the judgment of the Circuit Court for Clackamas County, entered on mandate from this court: *Meaney* v. *State Industrial Acc. Com.,* 113 Or. 371 (232 Pac. 789). The defendants, appearing by the Attorney General, demurred to the writ on the ground that the plaintiff seeks to *mandamus* a public office; to control the discretion of public officers; and that the plaintiff has a plain, speedy and adequate remedy at law. The questions to be determined upon the merits of the writ are two, namely: First, the amount that should be allowed plaintiff, based upon the time for computing that amount; and, second, based upon the number of children to be considered in the computation.

The injury occurred on the first day of April, 1915. Since that time three children have been born to the plaintiff and his wife. The judgment involved is based upon an appeal from the final action of the Industrial Accident Commission in refusing to reinstate the plaintiff upon the pay-roll of the Commis-

6.   See 28 R. C. L. 774.

sion.    For further particulars of the facts see *Meaney*
v. *State Industrial Acc. Com.,* above.

WRIT DENIED.    REHEARING DENIED.

For plaintiff there was a brief and oral argument
by *Mr. Joseph A. Benjamin* and *Mr. Milo C. King.*

For defendants there was a brief over the name of
*Mr. I. H. Van Winkle,* Attorney General, and *Mr.
Miles H. McKey,* Assistant Attorney General, with
an oral argument by *Mr. McKey.*

COSHOW, J.—1. In our opinion the State Indus-
trial Accident Commission has no discretion in this
matter.    The direction of the judgment of the court
required the Commission to reinstate the plaintiff
under the Workmen's Compensation Act, as amended;
to fix the amount of plaintiff's compensation on the
basis of permanent total disability in accordance with
the schedule of said act as amended; to compute the
full balance of unpaid compensation accrued and ac-
cruing to the plaintiff from the date of the injury.
It is the duty of the Industrial Accident Commission
to faithfully execute the judgment.    There is no room
for the exercise of discretion.

2. The plaintiff does not have an adequate remedy
at law.    All matters of fact and law, except that of
fixing the compensation, have been determined and
another appeal would be an idle ceremony.    The mat-
ter now before the court, presented by the writ of
*mandamus,* is simply to fix the compensation in ac-
cordance with the judgment duly rendered.

3. The writ is not necessarily issued to the office
but to the members of the Commission, directing them
to perform their statutory duty.

4. In our opinion the case presented is a proper one for this court to exercise its original jurisdiction.

Section 6632, subdivision (c), Oregon Laws, provides:

"If change of circumstances warrants an increase or rearrangement of compensation, like application shall be made therefor. No increase or rearrangement shall be operative for any period prior to application therefor."

5. In this case there was a judgment for a rearrangement, based upon an application, made on May 17, 1923. Under the law, therefore, the Commission is not authorized to make any compensation to the plaintiff prior to the last-named date. The Commission is strictly complying with the judgment involved by computing the compensation accrued and accruing to the plaintiff from and after that date. The plaintiff seeks to have the compensation theretofore allowed and paid rearranged and a large sum, in excess of the amount theretofore paid, allowed to the plaintiff. This the statute forbids. A proper construction of the judgment involved does not require the Commission to do that. The judgment itself requires the compensation to be made in accordance with the schedule as fixed by the statute. The judgment must be construed, if possible, in accordance with the law. As we have seen, the law does not permit compensation to be made because of changed circumstances, or a rearrangement to antedate the application made therefor.

6, 7. As a general rule the compensation is fixed as of the date the injury was received. The dependents of the injured workman must be determined as of the date of the injury: 1 Schneider, Work-

men's Compensation Law, 898, and cases cited under notes 58, 928, and cases cited under note 67. We believe that to be the proper construction of our statute. Section 6619, subheading "Child," in page 2646, Oregon Laws, provides:

"The word 'child' as used in the act, includes a posthumus child, a child legally adopted prior to the injury, an illegitimate child legitimated prior to the injury, and a stepson or stepdaughter."

Section 6626, subdivision 3, in page 2653, Or. L., provides that if the workman have a wife or husband, or a child or children under the age of sixteen years, the monthly payment provided in the preceding paragraph shall be increased, etc. This language would indicate that the workman should have the child at the date of the injury, not that he should have it at some future date. Subdivision (g) of the same section, in page 2655, provides for adjustment of compensation with development of the injury or death of the workman, and for a reserve to guarantee monthly payments by segregating an accident fund, and its investment. If the conclusion contended for by the plaintiff were correct the Commission could not accurately fix such a fund for the reason that the number of children would not be known. This subdivision of the section, with the other parts of the act referred to here, seems to us clearly to indicate the intention of the legislature to fix the compensation so far as the dependents are concerned as of the date of the injury.

We conclude, therefore, that the Commission has literally obeyed the judgment of the Circuit Court in fixing the compensation as it has. For that reason

the petition for a peremptory writ is denied and the petition dismissed.

WRIT DENIED.  REHEARING DENIED.