Argued December 16, 1925, writ dismissed January 12, 1926.

# GEORGE J. CASADAY *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

### (242 Pac. 598.)

**Master and Servant—Rate of Compensation to Married Man Judicable According to Family Status at Time of Injury.**

1. Rate of compensation to married man, under Section 6626, Or. L., is judicable according to family status of claimant at time of injury.

**Master and Servant — Only When Injury Results in Death Should Dependents Receive Compensation.**

2. Only when injury of workman results in death should beneficiaries or dependents receive compensation, under Section 6619, Or. L.

**Master and Servant—Wife and Children of Marriage After Injury are not "Dependents" Within Statute.**

3. Though child legally adopted prior to injury and posthumous child are rated as "dependents" under Section 6619, Or. L., neither wife to whom claimant was married subsequent to his injury nor children of such marriage are included within Section 6626.

---

Workmen's Compensation Acts, C. J., p. 88, n. 12 New, p. 94, n. 97 New.

Original proceeding in *mandamus.*

Department 1.

WRIT DISMISSED.

For claimant there was a brief over the name of *Messrs. McGuirk & Schneider,* with oral arguments by *Mr. Walter T. McGuirk* and *Mr. Frank A. Rice.*

For defendants there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Miles H. McKey,* Assistant Attorney General.

---

3. Who is dependent within Workmen's Compensation Acts, see notes in Ann. Cas. 1913E, 480; Ann. Cas. 1918B, 634. See, also, 28 R. C. L. 774.

BURNETT, J.—This is an original proceeding in this court in *mandamus* by which it is sought to compel the State Industrial Accident Commission to allow and pay to the claimant compensation for a wife and two children, the result of his marriage after his injury, which happened on March 1, 1921. At that time he was a widower with but one child, a son under sixteen years of age, but he afterwards married his present wife, and by her he has had two children, one born March 2, 1922, and the other on March 8, 1924. Soon after his hurt he applied to the Industrial Accident Commission for compensation, which was allowed on the basis of permanent partial disability. Later he applied for an increased allowance for permanent total disability, and that was allowed. The question now is whether the wife and children which he has acquired since the accident shall be considered in estimating his new allowance.

Section 6626, Or. L., as it stood at the time of the accident, provided that

"If any workman while he is subject to this act and in the service of an employer who is thus bound to contribute to the industrial accident fund shall sustain a personal injury by accident arising out of and in the course of his employment caused by violent or external means, he or his beneficiaries, or dependents, if the injury result in death, shall receive compensation according to the following schedule:

"(a) *Where Death Results.* Where death results from the injury the expense of burial shall be paid in all cases not to exceed one hundred dollars ($100) in any case; and

"(1) *Spouse and Children Under Sixteen Surviving.* If the workman leaves a widow or invalid widower, a monthly payment of thirty dollars ($30) shall be paid throughout the life of the surviving spouse, to cease at the end of the month in which
116 Or.—42

re-marriage shall occur; and the surviving spouse shall also receive eight dollars ($8) per month for each child, or dependent stepchild of the deceased under the age of sixteen years at the time of the occurrence of the injury until such minor shall reach the age of sixteen years, but the total monthly payment under this paragraph (1) shall not exceed fifty dollars ($50). * *

"*Rate of Compensation.* When permanent total disability results from the injury, the workman shall receive monthly during the period of such disability:

"(1) If unmarried at the time of the injury, the sum of thirty dollars ($30).

"(2) If the workman have a wife or invalid husband, but no child under the age of sixteen years, the sum of thirty-five dollars ($35). If the husband is not an invalid, the monthly payment of thirty-five ($35) shall be reduced to thirty dollars ($30).

"(3) If the workman have a wife or husband and a child or children under the age of sixteen years, or being a widow or widower, have any such child or children, the monthly payment provided in the preceding paragraph shall be increased by eight dollars ($8) for each such child until such child shall arrive at the age of sixteen years, but the total monthly payment shall not exceed fifty dollars ($50)."

1. For reasons given by Mr. Justice Coshow in *State ex rel. Meaney* v. *State Industrial Acc. Com.,* 113 Or. 371 (237 Pac. 680), the matter is judicable according to the family status of the claimant at the time the injury happened, which, by the section of the statute just quoted, is fixed for a man then unmarried at the sum of thirty dollars per month, and for each child at that time under the age of sixteen years the payment must be increased by eight dollars per month, making a total of thirty-eight dollars per month. The case of *Crockett* v. *International Ry. Co.,* 176 App. Div. 45, 162 N. Y. Supp. 357,

cited by the claimant, has to do only with a surviving wife, and not with a dependent wife. This case is explained in *Mutimer* v. *General Electric Co.*, 207 App. Div. 1, 201 N. Y. Supp. 588, to be limited to a widow who has survived a husband who met his death by accident, and it has no relation to a case where the claimant and his wife are both alive, whenever married. The present wife of the claimant is not a survivor.

2, 3. Under Section 6626, *supra*, the compensation goes primarily to the workman injured. It is only in case the injury results in death that his beneficiaries or dependents shall receive compensation. A dependent is defined in Section 6619 as

" * * any of the following named relatives of a workman whose death results from any injury and who leaves surviving no widow, widower or child under the age of sixteen years, viz.: Invalid child over the age of sixteen years, daughter between sixteen and eighteen years of age, father, mother, grandfather, grandmother, stepfather, stepmother, grandson, granddaughter, brother, sister, half-sister, half-brother, niece, nephew, who at the time of the accident are dependent in whole or in part for their support upon the earnings of the workman. * *

"*Beneficiary.* 'Beneficiary' means an injured workman, husband, wife, child or dependent of a workman, in whom shall vest a right to receive payment under this act. * *

"*Child.* The word 'child' as used in this act, includes a posthumous child, a child legally adopted prior to the injury, an illegitimate child legitimated prior to the injury, and a stepson or stepdaughter."

The language of the sections quoted plainly indicates that as to children they must be those who are in being and under the age of sixteen years at the time of the occurrence of the injury. In their char-

acter as dependents a posthumous child would be rated under the character of "dependent"; likewise a child legally adopted prior to the injury. Neither the children by his present wife nor the wife herself come within the description given by the statute.

The plaintiff relies upon the following excerpt from *Chebot* v. *State Industrial Acc. Com.*, 106 Or. 660, 667 (212 Pac. 792):

"Such a construction, however, ignores the plain provisions of the statute which impose upon the commission a legal duty to regulate the compensation to be awarded the injured workman by the development of his disability or change in his family status."

In the first place, the language about "change in his family status" was not necessary to the decision in that case, because Chebot was not a married man, so far as the record discloses, and had no family; secondly, it might be referable in a proper case to the birth of a posthumous child, which would be a change in the family status between the time of the happening of the accident and the application for relief. Connubial connections contracted subsequent to the accident do not operate to increase the personal compensation of the injured claimant.

The writ is dismissed.        WRIT DISMISSED.

McBRIDE, C. J., and COSHOW and RAND, JJ., concur.