Before STATE INDUSTRIAL BOARD, Respondent.

NELLIE VAN WYK, Respondent, *v.* REALTY TRADERS, INC., and Another, Appellants.

Third Department, January 6, 1926.

Workmen's compensation — award — employee, claimant's husband, left claimant in 1908 — in 1921 claimant was married in Washington State to another — after learning that first husband was alive claimant continued to live in this State with second husband, but as housekeeper only — Washington marriage, no evidence of law of that State being introduced, is void ab initio — no evidence that claimant and second husband remarried after death of first husband — continuing award was proper.

The claimant was entitled to an award as the surviving wife of the deceased employee under subdivision 2 of section 16 of the Workmen's Compensation Law, though it appears that after she was abandoned by the decedent she contracted another marriage in the State of Washington and continued to live with her second husband after learning that her first husband was living, but as housekeeper only, for the Washington marriage, there being no evidence that the common law is not in force in Washington, was void *ab initio* and she was, therefore, at the time of the employee's death his lawful wife.

Since there is no evidence that the claimant after the death of her first husband legally married the second husband, a continuing award was proper and it would have been improper to have made a remarriage award, under subdivision 2 of section 16 of the Workmen's Compensation Law.

APPEAL by Realty Traders, Inc., and another from an award of the State Industrial Board, made on the 15th day of April, 1925.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*Albert Ottinger,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

HINMAN, J. The award appealed from has been made to claimant as widow of Arnold Van Wyk, who was killed in an industrial accident occurring on August 11, 1924. The main question is whether the claimant was his " surviving wife " and as such entitled to death benefits under subdivision 2 of section 16 of the Workmen's Compensation Law. ·

Claimant and the deceased were married on August 22, 1891, at Paterson, N. J. They lived together until the spring of 1908 when he absented himself after which they never lived together again. No divorce or other decree dissolving the marriage was ever obtained. Claimant continued thereafter to support herself. On June 4, 1921, while claimant was living in the State of Washington she was married to George Kamhout, a resident of Washington. In the certificate of marriage to Kamhout she stated that she was a widow and in her testimony at one of the hearings on her present claim she stated that she had heard a year before her second marriage that her first husband had died. The undisputed testimony is that a month after her second marriage she came east with her second husband. She was then told by her sister that her first husband was still living. Upon hearing of that fact she consulted a lawyer who advised her that she and Kamhout could not live together as man and wife. No legal proceedings were brought but she says that thereafter she did not live with Kamhout as his wife. She continued to live with him as his housekeeper for about three years except for a period of ten months when she lived with her parents during their last illness and until their death in August, 1924. She was living with her parents on August 11, 1924, when her first husband was killed. Thereafter and after the death of her parents, she again went to live with Kamhout as his housekeeper, where she was living at the time of the hearing in April, 1925. She denied that she was living with him as his wife and her testimony is all there is in the record on the subject of her relations with Kamhout.

Actual dependency is not a condition to the right of a surviving wife to death benefits under section 16 of the Workmen's Compensation Law. Even a legal separation agreement with her first husband releasing him from all obligations for her support would not. have destroyed her right to death benefits under this law. (*Mutimer v. General Electric Co.,* 207 App. Div. 1.) The marriage contract between claimant and deceased had not been dissolved at the time of his death. They remained husband and wife in the eye of the law. Her second marriage in the State of Washington was apparently entered into in good faith on the supposition that her first husband was dead. Whether that second marriage was, however, void *ab initio,* or valid for any purpose and merely voidable, is to be determined by the law of the State where it was entered into. (*Van Voorhis* v. *Brintnall,* 86 N. Y. 18; *Matter of Kutter,* 79 Misc. 74.) The State of Washington is a common-law State. There is no proof in the record of any statute of that State altering the common law. The presumption is that the common law prevails in Washington in the absence of proof as a fact that there is a statute of that State altering the common law. (*Vanderpoel* v. *Gorman,* 140 N. Y. 563, 568; *First Nat. Bank* v. *Nat. Broadway Bank,* 156 id. 459, 472.) "At common law the re-marriage of one having a husband or wife actually living, although unheard of for years and believed to be dead, was void *ab initio* (*Fenton* v. *Reed,* 4 Johns. 52, 53; *Williamson* v. *Parisien,* 1 Johns. Ch. 389, 393; *Price* v. *Price,* 124 N. Y. 589, 596), as the old statutes relieving him or her from the penalties for bigamy did not validate the subsequent marriage contract, even if contracted under an honest mistake of fact. *Fenton* v. *Reed, supra; Price* v. *Price, supra;* Schouler Dom. Rel., § 21." (*Matter of Kutter, supra,* 76.) All this being so, we must conclude that the marriage of claimant to Kamhout in the State of Washington was absolutely void and that a common-law or ceremonial marriage between them since the death of claimant's first husband has not been proved. Therefore, the claimant must be considered the " surviving wife " of Arnold Van Wyk, her first husband, and the award was properly made to her as a continuing award rather than " with two years' compensation in one sum, upon remarriage," as provided in subdivision 2 of section 16 of the Workmen's Compensation Law.

The award should be affirmed, with costs to the State Industrial Board.

Award unanimously affirmed, with costs to the State Industrial Board.