ALBERT L. PANCOAST, Plaintiff, *v.* HUBERT ELTING and Another, Defendants.

Supreme Court, Columbia County, April 12, 1933.

*Herzberg & Garrison*, for the plaintiff.

*A. D. & A. W. Lent*, for the defendants.

BLISS, J. This is a motion by the defendants under rule 106 of the Rules of Civil Practice for a judgment dismissing both causes of action set forth in the complaint herein on the following grounds:

1. That the court has not jurisdiction of the subject-matter of this action.

2. That the complaint does not set forth facts sufficient to constitute a cause of action.

The defendant also moves upon the complaint and affidavits for a judgment dismissing the first cause of action set forth in the complaint on the grounds:

1. That the court has not jurisdiction of the subject-matter of this action; and

2. That the complaint does not set forth facts sufficient to constitute a cause of action under rule 107 of the court rules.

The amended complaint sets up a cause of action on a contract for the sale and purchase of real estate located in the State of Florida which contract was entered into in the State of Florida. This contract calls for the sale by the plaintiff and his wife to the defendants of this real estate and the agreement by the defendants to purchase the same and to pay a certain sum of money therefor in installments.

The first cause of action alleges the failure of the defendants to make these payments, the willingness of the plaintiff to deliver the deed upon receiving the purchase price, that since the default real estate values in Florida have greatly depreciated so that the property is now of a sale value less than the amount due and unpaid on the contract, and that the plaintiff has no adequate remedy at law.

The second cause of action makes the same allegations and further alleges the failure of the defendants to make the payments provided.

Judgment is demanded:

1. That the defendants specifically perform their agreement;

2. That they be directed to accept the plaintiff's deed and make the payments of the balance of the purchase price; or

3. That in the event specific performance be not directed, the plaintiff recover the sum unpaid on the contract; and

4. That the plaintiff have such other and further relief as seems proper.

To sum up the allegations of the amended complaint, the first cause of action is in equity for specific performance, and the second cause of action is at law for the unpaid balance of the purchase price.

The plaintiff contends that inasmuch as the notice of motion is made " upon the complaint " instead of upon the amended complaint, the motion should be dismissed. There is no merit to this contention. The motion can be directed only to the amended complaint, although the notice does not specifically so state, as the amended complaint now stands in the place of the original.

This action is brought upon a contract made in Florida for the sale of real estate situated in Florida. Consequently there can be no doubt that the law of Florida must govern. (5 R. C. L. 931; 12 C. J. 449; *Franklin Sugar Refining Co.* v. *Lipowicz*, 247 N. Y. 465.) The complaint, however, is devoid of any allegations as to the law of Florida, either statutory or common. While as to the second cause of action which is brought merely for the payment of a sum of money and is an action at law, we might presume that the common law prevails in the absence of proof as to statutes of that State altering the common law (*Van Wyk* v. *Realty Traders, Inc.*, 215 App. Div. 254), nevertheless we cannot give the plaintiff the benefit of that presumption as to his first cause of action which is founded in equity. The parties in their briefs have discussed the Florida law in relation to specific performance of land contracts. In the absence of allegations as to what that law is, in an equity action the court cannot indulge in any presumptions in favor of the plaintiff.

The defendants' motion to dismiss the first cause of action is granted, with leave to the plaintiff to serve an amended complaint amending said first cause of action within ten days after the service of this order. The defendants' motion is denied as to the second cause of action. No costs are allowed on this motion.

The defendants may submit an order accordingly.