Argued October 5; affirmed November 14, 1939; rehearing denied
April 9, 1940

## ROSELL *v.* STATE INDUSTRIAL ACCIDENT
## COMMISSION

(95 P. (2d) 726)

Department 1.

*Walter T. McGuirk*, of Portland, for appellant.

*Oliver Crowther*, of Salem, Assistant Attorney General (I. H. Van Winkle, Attorney General, and C. S. Emmons and H. Lawrence Lister, Assistant Attorneys General, on the brief), for respondent.

BAILEY, J. Eric G. Rosell on August 7, 1930, in the course of his employment and while subject to the Oregon workmen's compensation act received an accidental injury. His claim for compensation was approved by the state industrial accident commission and he was awarded an allowance based on temporary total disability for a period of 13 and a half days. By final order, dated October 15, 1930, he was awarded compensation for permanent partial disability for 18 months, amounting to $436.30, which was paid to him in cash. Thereafter, by order dated August 1, 1931, Mr. Rosell was granted an additional permanent partial disability allowance of "sixty months in full settlement of all claims arising out of said accidental injury", and he received payment of that award in the sum of $25 a month until June 1, 1935, on which date he requested and was granted a final lump sum payment of the last award for permanent partial disability. On February 17, 1936, Mr. Rosell died as the result of the accidental injuries which he had suffered August 7, 1930.

At the time of receiving the injuries above mentioned Mr. Rosell was unmarried. Subsequent to that date he married the claimant and plaintiff, Ingeborg S. Rosell, who was his wife at the time of his death. On May 13, 1936, Mrs. Rosell filed with the commission her claim for compensation on account of the death of her husband. Later in the same month her claim was denied, for the following reasons: (1) that it had not been filed within one year from the date on which the fatal injuries to her husband occurred, and (2) that Mrs. Rosell was not on August 7, 1930, the date of the decedent's injuries, the wife of Eric G. Rosell. The

claimant filed a petition for rehearing, which was denied for the same reasons.

Thereupon Mrs. Rosell as claimant and plaintiff filed in the circuit court her complaint and notice of appeal, against the commission as defendant. Therein she requested that she be allowed compensation under the workmen's compensation act as the widow of her deceased husband. A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was sustained, and on the plaintiff's refusal to plead further, judgment was entered in favor of the defendant, from which judgment this appeal is prosecuted.

Two questions are here presented: (1) whether the widow of a workman, married to him after he has received injuries which later prove fatal, is entitled to compensation under the Oregon workmen's compensation law, and (2) whether the act requires the claim in such instances to be filed within one year from the date of the accident. These questions will be discussed in the order of statement. It obviously follows that if Mrs. Rosell is not entitled to compensation because she was not the wife of the workman at the time he received his injuries, then it will not be necessary to consider the second question.

■ The rights of a claimant under the workmen's compensation act must be determined with reference to the law in force at the time the injury occurred: *McKay v. Department of Labor and Industries*, 180 Wash. 191, 39 P. (2d) 997, 98 A. L. R. 990; *Foster v. Department of Labor and Industries*, 161 Wash. 54, 296 P. 148, 73 A. L. R. 1012, and authorities therein cited. Therefore, at this time we direct attention to such provisions of the compensation act only as were in effect

August 7, 1930, the date of Mr. Rosell's receiving the injuries which later proved fatal.

Section 49-1817, Oregon Code 1930, in defining certain words and terms used in the act, provides as follows:

" 'Dependent' means any of the following named relatives of a workman whose death results from any injury and who leaves surviving no widow, widower or child under the age of sixteen years, viz.: Invalid child over the age of sixteen years, daughter between sixteen and eighteen years of age, father, mother, * * * who at the time of the accident are dependent in whole or in part for their support upon the earnings of the workman. * * *

" 'Beneficiary' means an injured workman, husband, wife, child or dependent of a workman, in whom shall vest a right to receive payment under this act."

It will be observed that the wife and child of an injured workman are designated as beneficiaries of such workman, but are not classed as dependents. The workmen's compensation acts of many states do not make this distinction.

Section 49-1827, Oregon Code 1930, contains the complete schedule of compensation to be paid to the injured workman for a non-fatal injury, or to his beneficiaries in the event that the injury proves fatal. It classifies disability in cases of non-fatal injuries and specifically designates the amount a workman shall receive under each classification, fixing such amount with reference to the workman's family status. This section reads in part as follows:

"If any workman while he is subject to this act and in the service of an employer who is thus bound to contribute to the industrial accident fund shall sustain a personal injury by accident arising out of and in the

course of his employment caused by violent or external means, he or his beneficiaries or dependents, if the injury result in death, shall receive compensation according to the following schedule:

"(a) Where death results from the injury the expense of burial shall be paid in all cases, not to exceed one hundred dollars ($100) in any case; and

"1. If the workman leave a widow or invalid widower, a monthly payment of thirty dollars ($30) shall be paid throughout the life of the surviving spouse, to cease at the end of the month in which remarriage shall occur; and the surviving spouse shall also receive eight dollars ($8) per month for each child or dependent stepchild of the deceased under the age of sixteen years at the time of the occurrence of the injury until such minor child shall reach the age of sixteen years. Upon remarriage of the widow she shall receive once and for all a lump sum equal to ten times her monthly allowance, viz.: The sum of three hundred dollars ($300), but the monthly payments for the child or children shall continue as before."

Subdivision 2 of subsection (a) specifies that if the workman leaves no wife, but a child or children under the age of sixteen years, a monthly payment shall be made to each such child until he or she shall reach the age of sixteen years. Subdivision 3 prescribes that if the workman leaves no widow or child under the age of sixteen years, but leaves a dependent or dependents, a monthly payment "shall be made to each dependent equal to 50 per cent of the average monthly support actually received by such dependent from the workman during the twelve months next preceding the occurrence of the injury, but the total payments to all dependents in any case shall not exceed thirty dollars ($30) per month."

No definition of the word "widow" or the term "surviving spouse" is found in the act. Therefore,

those terms must be given their usual, ordinary meaning. A widow is a married woman whose husband is dead: *Meton v. Industrial Insurance Department*, 104 Wash. 652, 177 P. 696; *McKay v. Department of Labor and Industries*, 180 Wash. 191, 39 P. (2d) 997, 98 A. L. R. 990. "She who was the decedent's lawful wife at the time of his death is his widow": *Beebe v. Moormack Gulf Lines, Inc.*, 59 Fed. (2d) 319. The legal, as well as the ordinary, meaning of "spouse" is "one's wife or husband"; and a "surviving spouse", therefore, must be the one, of a married pair, who outlives the other. In the instant case the appellant is the "widow" and the "surviving spouse" of Eric G. Rosell, deceased, whose death was the result of the injury which he received.

The Oregon statute contains no provision, except as to a wife who had deserted and was living apart from the workman at the time of his injury (subsection (j), *infra*), to the effect that a widow's eligibility to partake of the benefits of the act is determined by her marital status at the date of the accident. Such a limitation could easily have been incorporated in the statute, if the legislature had intended to exclude from the operation of the act the widow of a deceased injured workman who was not married to him at the time he received his injury.

In 1911 the Washington legislature enacted the workmen's compensation law of that state, chapter 74, Session Laws 1911. Two years later, the Oregon legislature passed the workmen's compensation law of this state, chapter 112, Laws 1913. The Oregon law was the subject of referendum and was approved by the people of this state November 4, 1913. Many of the provisions of the Oregon law were taken verbatim from the Wash-

ington act. This is true of the definition of "dependent" and "beneficiary". Later, the provision of the Oregon law defining "beneficiary" was expanded by amendment to include "an injured workman", which leaves no doubt as to the workman's personal right to compensation.

Subsection (a) of § 49-1827, *supra*, to which attention has been directed, specifying the beneficiaries and the amounts to be received by them in case the injury to a workman results in his death, was taken verbatim from the Washington law, with the exception that the amounts of compensation differ. No material change from the original act, with reference to the matter here under discussion, has been made in either the Washington or the Oregon law.

The identical question which is before us for decision was considered by the supreme court of the state of Washington in *McKay v. Department of Labor and Industries*, supra. In that case the claimant was not married to the decedent workman until three years after the occurrence of the accident which later caused his death. After referring to and quoting from sections of the statute of that state almost identical in wording with the Oregon provisions hereinabove set forth, the court there held that the claimant was the widow and surviving spouse of the deceased workman within the meaning of those sections, and in conclusion said:

"The plain and unambiguous language of the statute provides the compensation to respondent. In construing a statute, it is safer always not to add to, or subtract from, the language of the statute unless imperatively required to make it a rational statute. This is not the case here."

See also, in this connection, *Crockett v. International Ry. Co.*, 176 App. Div. 45, 162 N. Y. S. 357, and *Mutimer v. General Electric Co.*, 207 App. Div. 1, 201 N. Y. S. 588.

The respondent commission relies upon *State ex rel. Meaney v. State Industrial Accident Commission*, 115 Or. 484, 237 P. 680, *Casaday v. State Industrial Accident Commission*, 116 Or. 656, 242 P. 598, and *Paul v. State Industrial Accident Commission*, 127 Or. 599, 272 P. 267, 273 P. 337, in support of its contention that the family status of the injured workman is to be determined as of the date of the accident. None of those cases, however, concerned the question before us at this time for decision. In all of them the claimant was an injured workman, and the matter of the claim of a widow or surviving spouse was not involved.

That this court has recognized the distinction between a case such as the present and cases similar to those last above cited is apparent from the language used in *Casaday v. State Industrial Accident Commission*, supra, wherein it is said:

"* * * The case of Crockett v. International Ry. Co., 176 App. Div. 45, 162 N. Y. Supp. 357, cited by the claimant, has to do only with a surviving wife, and not with a dependent wife. This case is explained in Mutimer v. General Electric Co., 207 App. Div. 1, 201 N. Y. Supp. 588, to be limited to a widow who has survived a husband who met his death by accident, and it has no relation to a case where the claimant and his wife are both alive, whenever married. The present wife of the claimant is not a survivor."

In *McKay v. Department of Labor and Industries*, supra, in answer to the contention of the department that the case of *Foster v. Department of Labor and*

*Industries,* supra, was controlling in regard to the question in the McKay case, the court stated:

"In that case, there was no widow involved. The injured workman, who was single when injured, himself attempted to increase his compensation because of a subsequent marriage, the birth of a child, and the existence of a stepchild. We held that this could not be done because his compensation was expressly fixed by the statute which provided that the workman shall receive monthly 'if unmarried at the time of the injury, the sum of thirty-five dollars ($35).' "

The Oregon statute, in designating the compensation to be received by the injured workman when the injury results in either permanent total disability or temporary total disability, specifies the amount to be awarded the workman "if unmarried at the time of the injury," and a different amount, if married, which latter compensation is also adjusted according to the number of his children: subsections (b) and (d), § 49-1827, supra. Except as to the amounts of compensation, these two subsections are almost, if not wholly, identical with the Washington statute which was under consideration in the Foster case and explained later in the excerpt quoted from the McKay case.

■ Subsection (j), § 49-1827, *supra,* provides that: "A husband or wife of an injured workman who has deserted and is living apart from said injured workman at the time of the injury shall not be a beneficiary under this act." This subsection follows the one prescribing the compensation to be awarded the surviving spouse, and the subsections designating the amount to be received by the injured workman if married at the time of the accident, and therefore it must be read in connection with those provisions. The commission argues that because a wife who has deserted her husband and is

living apart from him at the time of his injury is not entitled to compensation on account of his death, even though again living with him at the time of his death, it would be an injustice to deny compensation to her under such circumstances and allow it to a surviving spouse who had married the workman after his being injured. The same reasoning was advanced in the dissenting opinion in *McKay v. Department of Labor and Industries*, supra, based upon a statute of the same general import as subsection (j), *supra*, but was evidently not considered by the majority of the court as persuasive.

██ This court is not concerned with the motives that actuated the legislature in denying compensation to certain classes and allowing it to others. It does not follow, because the legislature has denied compensation to a surviving spouse who was living apart from the workman at the time of his injury, that we must read into an unambiguous provision of the law something that is not there and deny compensation to a widow who did not marry the workman until after he had been injured.

Attention has been directed by the commission to an opinion given it by the attorney general of this state under date of March 11, 1925: Opinions of the Attorney General, 1924-1926, page 182. In that instance the commission requested the attorney general to advise it whether or not the wife of George A. Casaday, who had married him after he was injured, would be entitled to compensation in the event of his death as a result of that injury. The attorney general replied as follows:

"If we were to hold that any widow surviving the injured workman is entitled to compensation, then the wife who has deserted her husband and is living apart

from him, being the widow of such workman, would be entitled to compensation. Such is clearly not the purpose of the law. If we are to construe this section as a whole, it seems obvious that the widow entitled to compensation is the one who was entitled to compensation as the wife of the injured workman.''

■ It is argued that because the attorney general is, by law, the legal adviser of the commission it must be assumed that the commission since receiving the foregoing opinion of the attorney general has construed the law in accordance therewith, and that the contemporaneous construction placed upon the act by the department charged with the administration thereof should be given great weight by the courts in interpreting the act. We have already pointed out that the statute awarding compensation to the widow of a deceased workman is unambiguous and not susceptible of the construction which is placed upon it by the attorney general. It might be observed, moreover, that the law does not award compensation to the wife of an injured workman, and furthermore, that subsection (j) expressly excludes a deserting wife from death benefits.

■ The fact that subsection (g) of § 49-1827, *supra*, directs the commission in every case of injury that results in death or permanent total disability or permanent partial disability on account of which deferred payments are provided for a period exceeding twenty-four months, to notify the state treasurer of the amount required to be set aside in the segregated accident fund to pay such award of the commission, can have no special application in the construction to be given subsection (a), *supra*, when the injury results in death, as in the present case. In no such instance, with the possible exception of one in which an award for permanent total

disability is made, can the commission accurately compute before the death of the injured workman the proper amount to be set aside to provide compensation to him while he lives and to his beneficiaries thereafter if his injury proves fatal. Therefore, in determining the amount which ought to be set aside to the surviving widow who was married to the workman after his injury the commission would be hampered by no greater difficulty or uncertainty than if the deceased workman had been married at the time of his injury.

■ We conclude that the wife of a workman, married to him at the time of his death, although after his receiving the injury which is the cause thereof, and surviving him, is his widow and surviving spouse within the purview of subsection (a) of § 49-1827, *supra*. Her right to death benefits depends upon whether the workman's death occurs within the time limited for filing claim for compensation.

The question remaining to be decided is whether the claim of Mrs. Rosell was filed within the time limited by the statute. As hereinbefore stated, the accident causing the injury to the decedent workman occurred August 7, 1930. Mr. Rosell died February 17, 1936, and no claim was filed by Mrs. Rosell until May 13, 1936. Section 49-1836, Oregon Code 1930, requires the filing of an application for compensation by those entitled thereto and specifies the time within which it must be filed with the commission. Subsection (a) thereof refers to the filing of a claim by an injured workman. Subsection (b) reads as follows:

"Where death results from injury, the persons entitled to compensation under this act shall make application therefor to the commission, which application must be accompanied by proof of death and proof of relation-

ship showing the persons to be entitled to compensation under this act, * * * and such other proof as may be required by the rules of the commission.''

Subsection (c) refers to application for increased compensation.

Subsection (d) provides as follows:

''No application shall be valid or claim thereunder enforceable in non-fatal cases unless such claim is filed within three months after the date upon which the injury occurred, nor in fatal cases unless such claim is filed within one year after the date upon which the fatal injury occurred; however, the commission, upon a sufficient showing being made, may, in its discretion, permit the filing of a claim in a non-fatal case after such three months' period, but within one year of the time the injury occurred.''

It is the contention of the commission that the claim for compensation in fatal cases must be filed within one year from the date of the accident causing the injury which later results in death, whereas the claimant argues that ''the fatal injury occurred'' at the time of the death of the workman.

In *Lough v. State Industrial Accident Commission,* 104 Or. 313, 207 P. 354, the injured workman was for more than a year after the accident occurred mentally incapable of filing a claim. In denying compensation because of the delay in filing the claim, this court said: ''The words, 'date upon which the injury occurred' plainly indicate a certain point of time, and not an extended period. Having in view the element of suddenness of the untoward event, we must say that, under our statute, the language refers to the date of the accident and the immediately consequent injury.'' After calling attention to the fact that in certain jurisdic-

tions the courts have construed "the occurrence of the injury to mean not its inception when the complainant was hurt, but the consequent progress and culmination of the injury received at the time of the accident", the opinion observes that such decisions were rendered under statutes differing widely from our own and that many of them had to do with cases in which employers were made directly liable to injured employes, with provision made for giving notice as soon as practicable or as soon as the disability consequent upon the injury had been removed. The opinion then proceeds as follows:

"But there are no such provisions in our statute. Without equivocation it is said that the notice must be given within three months after the date upon which injury occurred. Something occurred or came into existence on October 1, 1919. The injury happened at that time. True, it may not have developed instantly its full effect. But the injury which had no existence prior to that date came into existence at that time. In other words, it occurred at that date."

This court, in *Benson v. State Industrial Accident Commission*, 108 Or. 565, 215 P. 878, referred to *Lough v. State Industrial Accident Commission*, supra, as holding that the claimant must file his original application within three months after the accident.

In *Butterfield v. State Industrial Accident Commission*, 111 Or. 149, 223 P. 941, 226 P. 216, this court again cited with approval *Lough v. State Industrial Accident Commission*, supra, as announcing that the procedure for filing claims must be followed as provided by the act.

The case of *Dragicevic v. State Industrial Accident Commission*, 112 Or. 569, 230 P. 354, involved the right

of a dependent of a deceased workman to receive death benefits. Two different claims were presented, both filed several years after the date of the workman's death. In denying compensation to the claimant, the court stated: "More than one year having elapsed in both instances since the date of the accident, neither the commission nor the court had any jurisdiction to entertain the claim."

*Lough v. State Industrial Accident Commission*, supra, has also been referred to in other jurisdictions as precedent for holding that the prescribed time for filing a claim is to be computed from the date of the accident and not from the date when the injury thereby caused first became discernible. See *Eldridge v. Idaho State Penitentiary*, 54 Idaho 213, 30 P. (2d) 781, *Vukovich v. St. Louis, Rocky Mountain & Pacific Co.*, 40 N. M. 374, 60 P. (2d) 356, and *Maryland Casualty Co. v. Industrial Commission*, 74 Utah 170, 278 P. 60.

In construing what was intended by the legislature in requiring that claims for death benefits be filed within one year from the date of the fatal injury, some assistance may be had from the wording of the statute as originally enacted and as later amended after the decision of this court in the Lough case. Subsection (d), § 27, chapter 112, Laws 1913, thus reads: "No application shall be valid or claim thereunder enforceable unless filed within one year after the date upon which the injury occurred or the right accrued." According to that phraseology, a claim for death benefits could be filed within one year from the date of the workman's death. See *Beels v. Department of Labor and Industries*, 178 Wash. 301, 34 P. (2d) 917. This subsection, however, was amended in 1917 to read as now appears in § 49-1836, *supra*: § 13, chapter 288, Laws 1917. The

words, "or the right accrued", were omitted from the 1917 and later amendments.

Subsection (d) of § 49-1836, *supra*, was amended in 1935 (§ 49-1836 (e), Oregon Code 1935 Supplement) and further amended in 1937 (chapter 436, Oregon Laws 1937). The first part of subsection (e), which was not altered by the 1937 amendment, has reference to the filing of a claim by the injured workman and reads as follows:

"No application shall be valid or claim thereunder enforceable in non-fatal cases unless such claim is filed within three [3] months after the date upon which the accident occurred. If a workman, as a result of an accidental injury, has been rendered mentally incapable of filing a claim, a claim may be filed by the workman within sixty [60] days after the removal of such mental incapacity or during such incapacity on behalf of the workman by his parent, spouse, guardian, employer or physician. Any such claim must be filed within one [1] year from date of the accidental injury."

At the end of this subsection there is the further provision to the effect that, "The commission, upon a sufficient showing being made, may, in its discretion, permit the filing of a claim in a non-fatal case within one [1] year of the time the accident occurred."

The Lough case was decided in June, 1922, and the amendment made in 1935 and continued in 1937 extended the time in which a claim might be filed by an injured workman mentally incapable of filing it within the three months' period. It further made express provision for the filing of a claim by another on his behalf. The amendment also changed the wording of § 49-1836 (d), *supra*, from "three months after the date upon which the injury occurred" to read "three months after the date upon which the accident oc-

curred''. This change was in accordance with the holding of this court in the Lough case to the effect that the time of the occurrence of the injury was the date of the accident.

The balance of this amendment refers to claims in fatal cases and is here set forth as of 1937, with the only change made that year shown in italics:

''In any fatal case a claim may be filed within one (1) year after the date upon which the accident resulting in death occurred. If a workman who has filed a claim for compensation within the time permitted by this section shall die as the result of the accidental injury but before the commission has entered an order terminating compensation for temporary total disability, his widow or other beneficiaries may file a claim within sixty (60) days after the death of said workman. *If a workman during his lifetime shall have filed a claim for which he shall have been paid compensation, which claim has been closed for payment of compensation for temporary total disability, shall die after the expiration of one (1) year from the date of the accidental injury and as a result of the accidental injury the commission may in its discretion permit the filing of a fatal claim within sixty (60) days after such death.* Nothing herein contained shall limit the filing of a claim in fatal cases to less than one (1) year after the date upon which the fatal accident occurred.''

The 1935 amendment makes it definite and certain that in fatal cases, with exceptions specified, the claim must be filed within one year after the date of the occurrence of the accident resulting in death. Prior to this amendment the court had held that the date of the occurrence of the injury was the date of the accident. The 1935 amendment also provided that if the injured workman had filed a claim and then died before the commission had entered an order terminating compensation for temporary total disability, his beneficiaries might

file a claim within sixty days after the death of such workman, but that nothing contained in the amendment should limit the filing of the claim to less than one year after the date upon which the fatal accident occurred. The 1937 amendment, as above designated in italics, further granted the commission authority in its discretion to permit a claim for death benefits in certain instances to be filed more than one year after the date of the accident resulting in death to the injured workman.

■ In view of the historical background of the law relating to time when claims must be filed, and the decisions of this court hereinabove referred to, we are impelled to the conclusion that the claimant in the present instance, to be entitled to compensation for the death of her husband, was required to file application therefor within one year from the date of the accident, and not from the date of the workman's death. Her claim is based on a fatal injury which occurred at the time of the accident. The fact that her husband did not die for more than one year after the accident prevented her from filing an application for compensation within the required time, and consequently she is precluded from receiving compensation.

The New Mexico statute provides that in the event that any injury shall result in and be the proximate cause of a workman's death, no claim shall be filed or suit maintained to recover compensation therefor "unless claim therefor be filed within one year after the date of the injury". It was held in *Vukovich v. St. Louis, Rocky Mountain & Pacific Co.*, supra, that the application for death benefits must be filed within one year from the date of the accident. In answering the contention that some hardship might be occasioned by

such construction of the statute, inasmuch as the workman's death might occur within an hour or a day of the expiration of the time allotted for filing claim, the court therein stated: "Whether the legislature actually considered this possibility and thought the cases where it would rise likely to be so isolated as not to warrant provision for it we can not know.  *  *  *  But the fact that hardship may result can furnish no warrant for the courts to supply what the legislature has omitted or to omit what it has inserted."

Even under the Oregon statute existing at the time of the death of Mr. Rosell or as later amended in 1937 to read as we now find it, Mrs. Rosell's claim was filed too late.

▇▇▇▇ The Oregon workmen's compensation law makes provision for the injured workman or, in case of his death, for his beneficiaries, unknown to the common law. The legislature had a right to append such conditions as it chose to the privilege of receiving compensation: *Lough v. State Industrial Accident Commission*, supra; *Demitro v. State Industrial Accident Commission*, 110 Or. 110, 223 P. 238; *Pine v. State Industrial Accident Commission*, 148 Okla. 200, 298 P. 276, 78 A. L. R. 1287 and annotations. One of the conditions the law imposes on the right to receive compensation is that applications therefor must be filed within certain designated time. Neither the commission nor the courts have authority to waive this requirement of the statute. See cases last above cited.

Subsection (c) of § 49-1827, *supra*, is to the effect that if the workman dies during the period of total disability, regardless of the cause of death, his widow shall receive a certain allowance. Subdivision 4 of subsection (a) of the same section makes provision for the

child or children of the surviving spouse who dies during the time that he or she is receiving monthly payments of compensation. The construction of these subsections is not here required of us, and we express no opinion as to whether it is necessary or not for the beneficiaries therein mentioned to file claims, or as to the time when such claims, if any, must be filed.

The judgment appealed from is affirmed.

KELLY and BEAN, JJ., concur.

———

RAND, C. J. (specially concurring). I concur with the other members of the court in holding that plaintiff's claim for compensation for the death of her husband was not filed within the time prescribed by the statute. The court being in accord upon that question, it would seem that no further interpretation of the statute would be necessary.

To hold, as the majority opinion seems to do, that when a workman sustained an injury on August 7, 1930, and did not die until February 17, 1936, which was five years, six months and 10 days thereafter, it was a fatal injury within the meaning of the workmen's compensation act, or that a woman who was not then his wife is entitled to compensation from the workmen's compensation fund at the rate of $30 per month for the remainder of her life, or until her re-marriage, does not seem to me to be a proper interpretation to be given to the statute, particularly so in view of the fact, as was the case here, where the injured workman, before his death, was paid full compensation for the injury which he had sustained.

Again, I can see no reason for holding that the rule that dependency under the statute is determined as of

the date of the fatal accident should not be applied to a woman who married the injured workman after he had sustained a fatal injury. That dependency is determined as of the date of the fatal injury is settled by *Casaday v. State Industrial Accident Commission*, 116 Or. 656, 242 P. 598, and *Paul v. State Industrial Accident Commission*, 127 Or. 599, 272 P. 267.

Again, it does not seem logical to hold that this plaintiff, if entitled to recover compensation for the death of her husband—a right which could not accrue until after his death—should be required to file her claim for compensation within one year after the injury happened, where, as in this case, he did not die until long after that period had expired.

For these reasons, I concur in the result but not in the reasoning upon which the decision is based.