**Corinne SPEIR, Appellant,**

**v.**

**NATIONAL MARITIME UNION PENSION AND WELFARE PLAN, Appellee.**

**No. 15590.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 31, 1969.

Rehearing Denied Jan. 22, 1970.

Dibrell, Dibrell, Greer & Brown, G. William Rider, Galveston, for appellant.

Mandell & Wright, Herman Wright, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment in a case arising out of a claim for death benefits provided by the National Maritime Union Pension and Welfare Plan. Both parties filed motions for summary judgment.

As a result of a collective bargaining agreement between the National Maritime Union and an employer group, the employer group agreed to set up a trust fund providing benefits to employees meeting certain eligibility requirements. All contributions to the fund are made by the employers. The Plan is administered by a Board of Trustees, who are empowered to adopt rules and regulations establishing conditions of eligibility for the various benefits provided by the Plan. The Plan provided for a death benefit of $3,500.00. Edward Speir was eligible for benefits under the Plan at all times pertinent to this

case. By an instruction dated November 20, 1953, he designated Corinne Speir, then his wife, the beneficiary of the death benefit payable under the Plan.

In May of 1966, Edward Speir and appellant were divorced. In January of 1965, appellee amended its rules and regulations. Edward Speir died in September of 1966 without having changed or revoked his initial designation of appellant as beneficiary and without having designated a beneficiary subsequent to the date on which the rules and regulations were amended. Appellee asserts no defense to appellant's claim other than its contention that she was not entitled to the benefit by reason of the 1965 amendments.

It is conceded that the Plan was validly changed in January, 1965, and that neither Edward Speir nor his designated beneficiary had acquired a vested right to the death benefits provided thereby. At the time the Plan was changed and for some months thereafter, appellant was eligible to receive benefits thereunder as a designated beneficiary. As amended the Rules and Regulations of the Plan provide:

"1. Section 1 of Article II shall read:

'1. (a) Each eligible employee shall have a right to designate a beneficiary or beneficiaries to receive any benefits hereunder payable by reason of his death, provided such beneficiary or beneficiaries come within the following class:

a) Spouse

b) Children

c) Parents

d) Brothers and sisters

(a) Beneficiary or beneficiaries, without·limitation to the foregoing class, may be designated to receive any other benefits payable to such employee which have accrued prior to his death.

(b) No designation shall be valid unless it is in writing, on forms supplied for that purpose by the Trustees or satisfactory to the Trustees, and is on file at the principal office of the Trustees in New York City. The beneficiary or beneficiaries so designated shall be known as the beneficiary or beneficiaries of record.' "

That appellant was the beneficiary of record under the amended Rules and Regulations of the Plan to the date of her divorce is not challenged by appellee, who states in its brief: " * * * For example, as to accrued vacation money under the plan, appellant could and doubtless did receive that benefit due the deceased precisely because she was designated a beneficiary * * * "

Sections 2 and 3 of Article II of the Rules and Regulations adopted by the Trustees provide:

"Section 2. The beneficiary or beneficiaries of record first designated by the employee shall continue to be the beneficiary or beneficiaries of record for the aforesaid benefits (including any increase in such benefits becoming effective with respect to such employee subsequent to such designation) unless and until such initial designation is effectively revoked or changed. In the event of an effective revocation which is not accompanied or followed by a new valid designation of beneficiary, such benefits shall be payable, as set forth below, as though no beneficiary had been designated. In the event of a valid change of beneficiary or beneficiaries of record, the new beneficiary or beneficiaries shall be considered the beneficiary or beneficiaries of record as though initially designated, and such designation shall continue until validly revoked or changed.

"Section 3. An employee may from time to time revoke or change any designation of beneficiary or beneficiaries by filing written notice of such revocation or change on forms supplied for that purpose by the Trustees, or satisfactory to the Trustees, at the principal office

of the Trustees in New York City. However, such written notice of revocation or change of beneficiary shall not be deemed valid or operative unless it is received at the said office of the Trustees prior to the earliest date that any payment is made by the Trustees of all or any portion of the benefits payable with respect to said employee. Upon the receipt of such valid and operative written notice at said office, the revocation or change shall relate back to take effect as of the date the employee signed said written notice of revocation or change, whether or not the employee be living at the time of receipt of said notice."

It appears, therefore, that appellant continued to be the beneficiary of record since her designation had not been revoked by the deceased.

As amended Section 5 of Article II reads:

"5. If there is no beneficiary at the death of the employee because no beneficiary of record within the class specified in Section 1 of this Article II survives the employee or no beneficiary has been designated:

"(a) No benefit by reason of his death shall be paid, except to members of the class specified in Section 1 in the order named or to his estate if a person or persons in the class specified in Section 1 shall inherit a majority of such estate, provided, however, that the Trustees, in their discretion, may pay an amount not exceeding $500 for funeral expenses incurred for said deceased employee.

"(b) Any other benefit which accrued prior to the death of the employee may be paid to his estate or to any other person who is an object of the natural bounty of the employee.

"If payment is made according to the foregoing provisions, the Trustees shall be completely discharged as to liability therefor."

■ On the death of Edward Speir a beneficiary had been designated, but no beneficiary of record "within the class specified in Section 1 of Article II" survived the employee. A beneficiary of record survived the employee, but she did not come within the class specified in Section 1 of Article II. Spouse means one's wife or husband. Rosell v. State Industrial Accident Commission, 164 Or. 173, 95 P.2d 726 (1939), and would not include a former wife.

■ The restriction on the right to designate a beneficiary found in Section 1 of Article II, as amended, would prohibit the designation of a beneficiary not within the specified class at the time the designation was made, but the possibility that the "spouse" at the time of designation might not be the "spouse" at the death of the employee made it necessary to insert the restriction in Section 5 of Article II in order to carry out the intention of the parties to the contract, as gathered from its phraseology, to restrict death benefits to those having close family ties to the employee.

The judgment is affirmed.