Argued April 20, affirmed May 11, 1960

# BEND-PORTLAND TRUCK SERVICE, INC. *v.*
# PUBLIC UTILITY COMMISSIONER ET AL

351 P. 2d 1117

*Leonard D. Alley,* Portland, argued the cause for appellant. On the brief were Williams & Alley, Portland, and Owen Panner, Bend.

*Norman Webb,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General, Salem, and Robert R. Hollis, Special Assistant Attorney General, Portland.

*John G. McLaughlin,* Portland, argued the cause for intervenor-respondents. With him on the brief was William B. Adams, Portland.

Before McAllister, Chief Justice, and Rossman, Goodwin and Harris, Justices.

GOODWIN, J.

Plaintiff, Bend-Portland Truck Service, Inc., appeals from an adverse ruling by the Circuit Court for Marion County in a proceeding brought under ORS 756.580 which permits suits to vacate administrative orders of the Public Utilities Commissioner. Intervenors are present in the record, but their interest will be merged with that of the defendant commissioner herein.

Bend-Portland, or its predecessor in interest, has been in business since 1927, before there was significant state regulation of motor carriers. The problem presented by this appeal arises out of the fact that Bend-Portland has been, at various times, a partnership, a sole proprietorship, and is now an Oregon corporation.

When the owner of the business changed from corporate to unincorporated forms of doing business, and vice versa, the changes were based upon considerations other than the effect of such changes on existing

permits. Whatever the reasons for the numerous changes, the parties concede that the most recent assignment of assets to a corporation constituted a transfer under Oregon Laws 1947, ch 467. (The material code provisions for this case are now in ORS 767.135 and 767.185.)

The record in the several PUC hearings and in two circuit court hearings forms a substantial mass of printed and written material. It is unnecessary to dwell at length upon all of the matters considered in the several hearings because the 1947 statute cited above disposes of all contentions contained in the appeal.

A brief statement will suffice.

Prior to 1933, Bend-Portland operated, first as a partnership, and later as a corporation, but in those times the only requirement to qualify for a permit was proof of financial and mechanical sufficiency under Section 55-1305(c), Oregon Code 1930. The privilege of a common carrier to transport various commodities was limited only by the traffic and criminal laws and by the capabilities of the carrier.

In 1933, Bend-Portland, together with similarly situated carriers, was brought under a regulatory act which contained a saving clause continuing the permits of carriers previously doing business. Oregon Laws 1933, ch 429, § 11 (2). No changes in the statutes affected this case until the repeal of the 1933 Act and the substitution therefor of the 1947 Act which made sweeping changes in the regulation of motor carriers. The 1947 Act also saved the privileges existing under prior permits, but it contained the following section:

> "Upon the filing with him of application for permit to operate as a common carrier, *or for the transfer of such permit,* the commissioner shall in-

vestigate the application and if the proposed operation is competitive with existing carriers or there is protest against the granting of the permit, shall fix a time and place for a hearing thereon * * *." (Emphasis supplied.) Oregon Laws 1947, ch 467, § 11 (2).

The effective date of the new act was January 1, 1948.

Prior to the effective date of the 1947 Act, Bend-Portland had the privilege, which it had never exercised, of carrying bulk petroleum products in tank trucks. It owned none. It had received no request for such service. In the meantime, a number of motor carriers had been issued permits to transport bulk petroleum products by tank truck in the region served by Bend-Portland, and were doing so at the time of the last conversion of Bend-Portland from an unincorporated status to a corporation. This last transaction was accomplished in 1946 when an Oregon corporation known as Bend-Portland Truck Service, Inc., came into existence.

In due course the former proprietor of Bend-Portland transferred the assets to the corporation. On July 19, 1948, an application was filed with the commissioner to acquire for the corporation, by transfer, a permit designated as OPUC No. 21970-1, formerly held by the sole proprietor.

A hearing was had pursuant to the above quoted statute on October 6, 1948. Protests were made by competing carriers, but the commissioner issued OPUC Order No. 21721, which in effect transferred Permit No. 21970-1 intact to the corporation. By implication, at least, Bend-Portland was given a permit which included the transportation of bulk petroleum.

Upon a petition for rehearing for the limited pur-

pose of considering the transfer of the privilege of carrying bulk petroleum products, numerous proceedings were had, with the final result that the commissioner on July 15, 1953 issued Order No. 32097, which deleted from Bend-Portland's permit the privilege of transporting bulk petroleum products in tank trucks.

It is the final decree of the circuit court affirming this last order which brings the parties here on appeal.

The sole question before this court is whether the commissioner, and in turn the circuit court, correctly construed and applied the law in effect in July, 1948, when Bend-Portland applied for the permit formerly held by the sole proprietor.

The decree of the circuit court must be affirmed. It is unnecessary to resort to authority beyond the 1947 Act. The leading case of *Pierce Freight Lines v. Flagg,* 177 Or 1, 159 P2d 162, was decided in 1945. It is clear that the careful wording of the 1947 Act reflected the impact of the decision. Prior to 1947, the pertinent statute was found in § 115-511, OCLA, which required an applicant to show that his proposed operation "is not contrary to the public interest." After January 1, 1948, an applicant must show that his proposed operation is "in the public interest." *Pierce Freight Lines v. Flagg,* supra, discusses at length the effect of the language used in the former statute and is instructive in construing the present law.

The *Pierce case* also holds:

"The procedure thus outlined recognizes the commissioner as the fact-finder, and deems his action as administrative. In other words, the facts in matters of this kind are found, not by the judge, but by the commissioner. The commissioner's findings are binding upon the court, in the event of judicial review, if supported by cogent, competent,

material and substantial evidence." *Pierce Freight Lines v. Flagg,* supra at 38.

The commissioner must, of course, make known the facts which he has found, and he has done so in the instant case. The commissioner found that the holder of the permit, at the time of the pending application for a transfer in July, 1948, had never carried bulk petroleum products in tank trucks, had owned no tank trucks, and had received no requests for such service. The commissioner further found that existing operators could provide adequate service in the region. We have reviewed the evidence and agree that his findings are amply supported by cogent, competent, material, and substantial evidence.

There is no property right in a PUC permit, and no vested rights can be accrued by one permit holder for transfer to an applicant for another permit. This has been statutory law in Oregon since 1933 and now is found in ORS 767.185 (1) and (3).

There being no error, the decree is affirmed, with neither party to recover costs.