Argued September 5, affirmed October 16, 1968, petition for
rehearing allowed January 14, reargued February 4,
reversed and remanded with instructions
April 16, 1969

# MT. HOOD STAGES, INC., *Appellant, v.*
# HALEY, PUBLIC UTILITY COM-
# MISSIONER, *Respondent.*

445 P2d 878
453 P2d 435

*Donald A. Schafer,* Portland, argued the cause and
filed briefs for appellant.

*Leon L. Hagen,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General and Richard W. Sabin, Assistant Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

SLOAN, J.

In this mandamus proceeding plaintiff alleged that the Commissioner has failed to conform to the mandate of this court and of the trial court in the prior decision of *Mt. Hood Stages, Inc. v. Hill,* 1966, 243 Or 283, 413 P2d 392. In the latter decision, this court set aside an order of the Commissioner which had denied plaintiff a permit to extend its service from Eugene and Albany to Corvallis. We set aside the order because it was not supported by any findings of the Commissioner. The case was remanded to the Commissioner "for the entry of an order supported by adequate findings." 243 Or 292, 413 P2d 396. On remand, the Commissioner entered a further order, containing findings, but which still denied plaintiff the permit.

Instead of appealing the Commissioner's last order, as required by ORS 756.580, plaintiff initiated this proceeding claiming that the Commissioner had violated the mandate ordered by this court and requested the court to compel compliance. The trial court sustained a demurrer to the alternative writ. We affirm.

We agree with the trial court that plaintiff's remedy as presented by ORS 756.580 provides an adequate remedy. *Morgan v. Portland Traction Co.,* 1958, 222 Or 614, 331 P2d 344.

Furthermore, there was nothing in the previous mandate which denied the Commissioner the right to exercise his judgment in the proceeding before him. The mandate did not require the Commissioner to make any particular order. Any grievance of plaintiff that there was no evidence to support the Commissioner's findings or that they were contrary to the law of the case, as argued by plaintiff, could have been better considered in the appeal procedure provided by the cited statute.

Affirmed.

## ON PETITION FOR REHEARING

*Donald A. Schafer,* Portland, argued the cause for appellant on rehearing.

*Leon L. Hagen,* Assistant Attorney General, Salem, argued the cause for appellant on rehearing. With him on the brief were Robert Y. Thornton, Attorney General, and Richard W. Sabin, Assistant Attorney General and Chief Counsel for the Public Utility Commissioner, Salem.

Before McAllister, Presiding Justice, and Sloan, O'Connell, Goodwin, Denecke, Holman and Hammond, Justices.

DENECKE, J.

The plaintiff applied to the defendant commissioner for a permit to extend its bus service to Corvallis. The commissioner denied the extension. Upon a suit to set aside the order, the trial court affirmed. We reversed, holding that the commissioner had not made the requisite findings nor applied the proper criteria in making his decision. *Mt. Hood Stages, Inc. v. Hill,* 243 Or 283, 413 P2d 392 (1966). The cause was remanded and the circuit court ordered the commissioner to make findings and enter an order upon the record already made. The commissioner made new findings and a new order, but again denied the permit to extend services. The plaintiff petitioned another circuit court for a writ of mandamus, contending that the commissioner had violated the mandate of this court. The trial court sustained a demurrer to the alternative writ and we affirmed. *Mt. Hood Stages, Inc. v. Haley,* 253 Or 28, 445 P2d 878 (1968). We granted plaintiff's petition for rehearing.

We now conclude that our former decision sustaining the demurrer to the alternative writ of mandamus was in error and the case should be remanded to the trial court.

We affirmed the sustaining of the demurrer because we concluded that plaintiff's remedy of appeal was adequate. We held also that mandamus would not lie because our mandate did not prevent the commissioner from exercising his judgment on the application for an extension of service.

With regard to the latter reason, we are now of the opinion that initially we did not fully comprehend the contention of the plaintiff. The plaintiff does not contend that the mandate directed the commissioner to grant the application of the plaintiff. Plaintiff contends the commissioner is in violation of our mandate because he continues to apply criteria for the granting or denial of applications to extend bus service which we held in the first case to be incorrect and which we ordered him not to apply.

In our first decision, *Mt. Hood Stages, Inc. v. Hill,* supra (243 Or 283), the application was denied by the commissioner because he found that public convenience and necessity did not require the granting of the application; we held the commissioner was in error in basing his decision on such criteria. The statute provides that the application shall be granted if: "The operation proposed is in the public interest." ORS 767.135(4)(c). We held the commissioner erred because he based his order upon a policy of regulated monopoly, whereas the statute expresses a policy of regulated competition. Because the commissioner applied an erroneous standard, he failed to make a finding in the first instance whether or not the granting of the application would impair the ability of the existing carrier to serve the public adequately. This is a material factor in determining whether the permit should be denied or granted.[①]

---

[①] ORS 767.135(4) (a)-(e): "(4) If the application for issuance or transfer of a permit is the subject of a hearing, the commissioner shall issue the permit if the applicant has complied with this chapter and the rules and regulations of the commissioner, and if the commissioner finds from the record and the evidence that:

"(a) The applicant, if an intrastate operator, is financially

In argument upon rehearing the commissioner contends that his latest order did not violate the decision and mandate of this court in *Mt. Hood Stages, Inc. v. Hill,* supra (243 Or 283). The alternative writ, which has the same effect as a complaint in the usual proceedings, alleges, among other things:

## "VII

"That * * * he [the commissioner] entered a new Order * * *, again denying Petitioner's application in which he stated that there was no evidence in the case to support a finding of impairment to the protestant and that no such finding could be or was made. * * *

## "VIII

"That said new Order also violates said Mandate in failing to conform to the Supreme Court's opinion that, if no impairment has been shown, the policy of the law is to grant an application for competitive authority regardless of the questions of adequacy of existing service or necessity for the proposed new service. Instead, after conceding that no impairment to protestant had been shown, said new Order of denial is based upon the Petitioner's failure to prove that the proposed competitive service was needed, or, conversely, that pro-

---

responsible and adequately equipped to perform the service proposed;

"(b) The applicant has certified that the vehicles listed on the application are in such operating order and so equipped as to comply with all Oregon laws, rules and regulations covering vehicle safety and operations and will be so maintained;

"(c) The operation proposed is in the public interest;

"(d) The service proposed will not be attended with substantial damage to the highways or danger to other users thereof or to the public;

"(e) The granting of a permit will not result in the impairment of the ability of existing operators adequately to serve the public;

"* * * * *."

testant's services were not adequate, criteria clearly rejected in the Supreme Court's opinion."

■ The commissioner by his demurrer admitted these allegations. The legal effect of these allegations is that the commissioner has denied the application upon the same ground he previously did; therefore, the commissioner is in violation of our decision in *Hill.*

The defendant argues that the plaintiff cannot rely upon these allegations as they are statements of legal conclusions instead of allegations of ultimate facts.

The difference between ultimate facts and conclusions of law is sometimes hard to recognize. The question was before the court in *Jackson v. Pasadena City School District,* 59 Cal2d 876, 31 Cal Rptr 606, 382 P2d 878 (1963), a mandamus case. The pleading alleged that "Washington is a racially segregated school and that the McKinley zone was gerrymandered to include the Linda Vista area * * *." The court held: "The averments with respect to racial segregation and gerrymandering should be treated on general demurrer as allegations of ultimate facts and not mere conclusions of law." 59 Cal2d at 879.

In the present case the issue is whether the commissioner based his decision upon the correct legal bases. The statement of such legal bases, recited in the order, verbatim or summarized, would appear to be a correct method to present them.

The principal contention of the commissioner and one of the reasons stated in our earlier opinion as ground for affirmance of the demurrer was that the remedy provided by ORS 756.580 is an adequate remedy and therefore the extraordinary remedy of mandamus is not available. We cited *Morgan v. Portland Traction Co.,* 222 Or 614, 331 P2d 344 (1958), as au-

thority for such statement. *Morgan v. Portland Traction Co.,* supra (222 Or at 625), held: "\* \* \* [T]hat the validity of the order [commissioner's order] may not be challenged in a proceeding brought to enforce it." We affirmed that principle in another case involving the parties of the instant case. In *Mt. Hood Stages, Inc. v. Haley,* 252 Or 538, 451 P2d 125 (decided February 26, 1969), we stated: "An order of the commissioner promulgated under his statutory authority is not subject to collateral attack." 451 P2d at 126.

■ It is true that in *Morgan v. Portland Traction Co.,* supra (222 Or 614), we stated the statutory procedure was the exclusive method of testing the validity of the commissioner's order. The posture of that case as well as that of the cases cited and relied upon therein are such that that statement should not be construed to prohibit a review of the commissioner's order by some other means if the statutory procedure is not adequate.

In *Southern Pacific Co. v. Heltzel,* 201 Or 1, 268 P2d 605 (1954), we held a writ of prohibition was a proper procedure to prohibit the commissioner from conducting a hearing into the reasonableness of tariffs filed. In *Morgan v. Portland Traction Co.,* supra (222 Or at 623), we distinguished the Southern Pacific case for the reason that the commissioner was acting beyond his jurisdiction and the relief was sought prior to the hearing.

The mandamus statute states that the writ may issue "to any \* \* \* officer \* \* \* to compel the performance of an act which the law specially enjoins, as a duty resulting from an office \* \* \*. The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law." ORS 34.110.

The question in considering whether mandamus
will lie is the same in the review of the commission-
er's order as it is in the review of any other order,
judgment or decree: Is the normal statutory method
of review adequate?

■ Statutes provide for appeals from court judg-
ments just as they provide for suits to set aside orders
of the commissioner. Whether or not appeal is the only
method of reviewing a court judgment depends upon
whether appeal is an adequate remedy. The same
standard applies to review of the commissioner's or-
ders. Appeal is normally adequate and a suit to set
aside the commissioner's order normally is adequate,
but in neither case is that always true.

In *State ex rel Scott v. Dobson,* 171 Or 492, 135
P2d 794, 137 P2d 825 (1943), we stated:

"* * * It is also well settled that the mere
fact that such order of vacation is appealable does
not necessarily preclude the issuance of the writ.
If mandamus is the more efficient, speedy, and ade-
quate remedy, the court, in the exercise of sound
judicial discretion, may grant such relief notwith-
standing the right of appeal." 171 Or at 498.

In *State ex rel Ricco v. Biggs,* 198 Or 413, 255 P2d
1055, 38 ALR2d 720 (1953), we stated:

"* * * However, to bar mandamus, the law
remedy must afford all relief to which the plain-
tiff is entitled. * * * [Citation]. The primary
function of a writ of mandamus is to enforce an
established right and to enforce a corresponding
imperative duty created or imposed by law. It
is designed to promote justice. It may issue even
where other remedies exist, if they are not suffi-
ciently speedy to prevent material injury. Pro-
priety of the issuance of the writ is determined by
the inadequacy, and not the mere absence, of other

legal remedies and the danger of a failure of justice without it. * * *." 198 Or at 425.

Was the remedy afforded by the statutory procedure sufficiently speedy and adequate? The alternative writ alleged only: "That Petitioner has no plain, speedy and adequate remedy at law." After the demurrer was sustained the plaintiff moved to amend to elaborate on this allegation as follows:

"That Petitioner did not have, and does not now have, a plain, speedy and adequate remedy in the ordinary course of the law for the reason that the only remedy available was a suit to set aside your predecessor's Order pursuant to ORS 756.580, et seq, which was inadequate because it would have permitted the protestant, Greyhound, to intervene and introduce additional evidence, whereas the Mandate required that your rewritten Order be based upon the record theretofore made. The said statutory suit to set aside is also not speedy for the reasons that after additional evidence is introduced in Court, the Court transmits a copy of it back to you for further consideration after which you report your further action back to the Court. Should you, on consideration of the new evidence, have reversed your prior Order, then the intervenor, Greyhound (protestant before you), would have ninety days to sue to set aside your new Order. Should no additional evidence be introduced in the Circuit Court in such proceeding, then whichever side was aggrieved by that Court's decision would have sixty days to appeal to the Supreme Court and, if such appeal were taken, the Supreme Court would have before it for the second time the identical case it has once decided."

■■ The court denied leave to amend and this was assigned as error. We hold that the amendment should have been allowed and that the allegations therein sufficiently allege that the statutory procedure is not a

speedy and adequate remedy when the only issue on review is whether the commissioner's order complied with our former decision.

*State ex rel Meaney v. State Industrial Acc. Com.,* 115 Or 484, 237 P 680 (1925), is quite similar to the present case. An injured workman, Meaney, appealed to the circuit court from an order of the Industrial Accident Commission. He received a judgment which was modified on appeal. The circuit court entered judgment in accordance with the mandate. The workman brought an original mandamus proceeding before this court to require the commission to obey the circuit court judgment entered upon the mandate. The court held:

"The plaintiff does not have an adequate remedy at law. All matters of fact and law, except that of fixing the compensation, have been determined and another appeal would be an idle ceremony. The matter now before the court, presented by the writ of *mandamus,* is simply to fix the compensation in accordance with the judgment duly rendered." 115 Or at 486.

Reversed and remanded with instructions to permit the plaintiff to amend the alternative writ and then to determine the issue of whether or not the commissioner's order is in conformity with our original decision in this matter.

O'CONNELL, J., dissenting.

The majority opinion treats the demurrer to the writ as an admission that "the commissioner has denied the application upon the same ground as he previously did." If the demurrer is to be given this construction, it would have to be on the ground that a demurrer to the petition would necessarily have to be given that effect and not because the commissioner

intended to make such an admission. It is clear from the recited grounds of the demurrer that the commissioner was attacking the writ not because he was admitting the similarity of grounds in the two orders but because he was asserting that a writ of mandamus "will not lie to control the discretion" which he exercised in issuing the second order.

The demurrer was interposed to raise the legal question of whether a writ of mandamus is the proper method of attacking any order of the commissioner (whether it happens to be the first order or the second order), since the order represents an exercise of the commissioner's discretion the validity of which must be tested by the usual manner provided by statute. When the applicant appeals from the order in the manner prescribed by statute the court then can determine whether the order is supported by adequate findings. If the applicant asserts that the commissioner purposely violated our mandate, then the remedy is by a contempt proceeding. See Ferris, Extraordinary Legal Remedies, § 255 (1926); cf., ORS 34.230.

The majority opinion accepts petitioner's contention that the statutory procedure did not provide a speedy and adequate remedy. Apparently this is based upon the ground that applicant's only remedy under the statute was a suit to set aside the order which would have permitted Greyhound to intervene and introduce additional evidence, whereas the petition required the new order be based upon the record previously made. It is unreasonable to construe our mandate as excluding the intervention of interested parties and as limiting the commissioner's action to the record previously made. If the evidence produced at the original hearing was not sufficient to support an order denying petitioner's application but such evi-

dence could be produced on a second hearing, there would be no reason for disregarding that evidence.

There are reasons for affirming the trial court's action. The writ alleges that the commissioner "entered a new order (copy attached) * * *." We can, therefore, regard the new order as being incorporated into the writ. The writ, then, would reveal on its face that the commissioner had exercised his discretion and purported to base the new order on grounds different than those used to support the first order. The demurrer should not, therefore, be regarded as admitting that "the commissioner had denied the application upon the same ground as he previously did." Quite to the contrary, the demurrer should be regarded as asserting what was recited in the demurrer, i.e., that since the writ revealed on its face that the commissioner was purporting to exercise his discretion mandamus was not the proper remedy. I would, therefore, affirm the order sustaining the demurrer for the reasons stated in our original opinion.

Even if we were to expand mandamus beyond its appropriate office, as the majority proposes to do, I do not think the court properly disposes of this case. Treating the demurrer as testing the validity of the order incorporated in the writ, we can, on this appeal decide whether the order states an adequate ground for refusing petitioner's application. The majority opinion would remand the case to the trial court for a determination "of whether or not the commissioner's order is in conformity with our original decision in this matter." Whatever determination is made by the trial court on remand, the losing party is likely to appeal to this court and we would have the same question that we can now decide.

SLOAN, J., joins in this dissent.