445 P.2d 878 (1968)
MT. HOOD STAGES, INC., Dba Pacific Trailways, Appellant,
v.
Sam R. HALEY, Public Utility Commissioner of the State of Oregon, Respondent.
Supreme Court of Oregon, In Banc.
Argued and Submitted September 5, 1968.
Decided October 16, 1968.
Donald A. Schafer, Portland, argued the cause and filed briefs for appellant.
Leon L. Hagen, Asst. Atty. Gen., Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Atty. Gen., and Richard W. Sabin, Asst. Atty. Gen., Salem.
Before PERRY, C.J., and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, JJ.
SLOAN, Justice.
In this mandamus proceeding plaintiff alleged that the Commissioner has failed to conform to the mandate of this court and of the trial court in the prior decision of Mt. Hood Stages, Inc. v. Hill, 1966, 243 Or. 283, 413 P.2d 392. In the latter decision, this court set aside an order of the Commissioner which had denied plaintiff a permit to extend its service from Eugene and Albany to Corvallis. We set aside the order because it was not supported by any findings of the Commissioner. The case was remanded to the Commissioner "for the entry of an order supported by adequate findings." 243 Or. 292, 413 P.2d 396. On remand, the Commissioner entered a further order, containing findings, but which still denied plaintiff the permit.
Instead of appealing the Commissioner's last order, as required by ORS 756.580, plaintiff initiated this proceeding claiming that the Commissioner had violated the mandate ordered by ths court and requested the court to compel compliance. The trial court sustained a demurrer to the alternative writ. We affirm.
*879 We agree with the trial court that plaintiff's remedy as presented by ORS 756.580 provides an adequate remedy. Morgan v. Portland Traction Co., 1958, 222 Or. 614, 331 P.2d 344.
Furthermore, there was nothing in the previous mandate which denied the Commissioner the right to exercise his judgment in the proceeding before him. The mandate did not require the Commissioner to make any particular order. Any grievance of plaintiff that there was no evidence to support the Commissioner's findings or that they were contrary to the law of the case, as argued by plaintiff, could have been better considered in the appeal procedure provided by the cited statute.
Affirmed.