Argued November 23, reversed and remanded with directions
December 23, 1970, petition for rehearing denied January
26, petition for review denied March 3, 1971

## MT. HOOD STAGES, INC., *Petitioner-Respondent,* v. HALEY, PUBLIC UTILITY COMMISSIONER, *Defendant-Appellant,* GREYHOUND LINES, INC., *Intervenor-Appellant.*

478 P2d 645

*Richard W. Sabin*, Assistant Attorney General, Salem, argued the cause for defendant-appellant. With him on the briefs were Lee Johnson, Attorney General, Jacob B. Tanzer, Solicitor General, Alan H. Johansen, Assistant Attorney General, Salem, and Robert R. Hollis, Portland.

*Robert R. Hollis*, Portland, argued the cause for intervenor-appellant. With him on the briefs were Lee Johnson, Attorney General, Jacob B. Tanzer, Solicitor General, Richard W. Sabin, Assistant Attorney General, and Alan H. Johansen, Assistant Attorney General, Salem.

*Donald A. Schafer*, Portland, argued the cause and filed the brief for respondent.

Before LANGTRY, Presiding Judge, and FOLEY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

This is an appeal by the Public Utility Commissioner, and by Greyhound Lines, Inc., from a peremptory writ of mandamus which ordered the commissioner to grant petitioner's application for authority to extend its central and eastern Oregon common carrier regular route service by providing bus service between Eugene and Corvallis. The petitioner's application also requested authority to provide bus service between Albany and Corvallis but the commissioner's order which occasioned the writ of mandamus granted that authority so no issue remains as to that portion of the application.

This case commenced with petitioner's application for extension of service, docketed January 7, 1963. After a hearing, the then commissioner entered an

order denying the application of the plaintiff. The petitioner brought suit against the commissioner in the circuit court for Benton County as provided in ORS 756.580. The decision of that court was appealed to the Oregon Supreme Court which reversed and remanded, with instructions to the circuit court to remand it to the commissioner for the entry of an order supported by adequate findings.[1] A subsequent order by the commissioner again denying the requested authority resulted in a mandamus proceeding against the commissioner wherein the circuit court for Marion County sustained the commissioner's demurrer to the writ; which decision was likewise subsequently appealed to the Supreme Court. The Supreme Court at first sustained the trial court but on rehearing reversed and remanded, holding that mandamus was an appropriate remedy.[2] Various other proceedings in the commissioner's office and in the Marion County circuit court have since transpired. While the case was in circuit court, Greyhound Lines, Inc., became a party to the proceedings as an intervenor, by stipulation of the parties. Greyhound provides service between Eugene and Corvallis, and is protesting the granting of similar authority to petitioner. The essential question before us is whether the latest order of the commissioner, Order #70-151 dated February 18, 1970, complies with the initial opinion of the Supreme Court in this protracted series of cases.

In *Mt. Hood Stages, Inc. v. Hill*[3] the Supreme Court ruled that the language of the commissioner's order then before the court amounted to an application

---

[1] Mt. Hood Stages, Inc. v. Hill, 243 Or 283, 413 P2d 392 (1966).

[2] Mt. Hood Stages, Inc. v. Haley, 253 Or 28, 445 P2d 878, 453 P2d 435 (1969).

[3] Mt. Hood Stages, Inc. v. Hill, 243 Or 283, 413 P2d 392 (1966).

of the "public convenience and necessity" test. The Supreme Court held that such test is not the law in Oregon, citing earlier Oregon cases, and that the Oregon statutes provide for regulated competition, not regulated monopoly. The parties agree that the "public interest" test controls this case, not the test of "public convenience and necessity."④ It is therefore necessary for us to consider the language of the commissioner's order and that portion of the record which has been brought before us, in order to determine which test the commissioner applied. The commissioner's disavowal of the use of the "public convenience and necessity" test is not alone sufficient for that determination. In this case that determination appears to be interwoven with the necessity for determining whether, in spite of his disclaimer, the commissioner found and relied upon impairment of Greyhound's ability to provide service.

In our review of this case we are limited to various legal documents received in evidence or contained in the trial court file. We do not have before us the evidence received by the commissioner in 1963 (the only evidentiary hearing in the series of proceedings) nor did the trial judge have such evidence before him. In *Pierce Freight Lines v. Flagg*, 177 Or 1, 38, 159 P2d 162 (1945), the court said:

"* * * In other words, the facts in matters of this kind are found, not by the judge, but by the commissioner. The commissioner's findings are binding upon the court, in the event of judicial re-

④ The parties have argued and briefed this case as though the language of ORS 767.135 (4) before the 1969 amendment is the applicable law. Therefore, we express no opinion as to whether the commissioner's most recent order should have been drafted in reliance upon the new language of the statute.

view, if supported by cogent, competent, material and substantial evidence. * * *"

Since the parties did not bring into this case the evidence considered by the commissioner, we must assume that there is evidence in support of each of his findings of fact.

The commissioner did not expressly make an ultimate finding of lack of proof that the requested authority for service between Eugene and Corvallis would be in the public interest. Had he made an express finding the lower court would not have been misled. In the absence of the finding required by the statute the law appears to be clear that the court can infer the ultimate finding from the action taken. 2 Davis, Administrative Law Treatise 455-459, § 16.07 (1958). We infer from the denial of the petition that the commissioner did not find it in the public interest to grant the authority.

The challenged order contains many findings without clearly indicating whether they are recitations of evidence or basic findings derived from the evidence. But since we do not have before us the transcript of the testimony taken in the 1963 hearing, we must simply assume that the facts found by the commissioner are based on cogent, competent, material and substantial evidence. Petitioner's assertions to the contrary are not supported by the record before us. Several of the findings are negative; i.e., there was no testimony that competition would improve service, there was no showing that granting the authority would contribute to successful operation of existing schedules to eastern and central Oregon, there was no showing that the proposed extension of authority would contribute to a more efficient or economical

service. There was a positive finding that the applicants' proposed schedules would not add significantly to the service already being rendered. The commissioner made no clear finding as to the relative weight to be attached to the interests of the general public which uses and pays for the highways as opposed to the limited portion of the public which could have been expected to use the service. His order merely mentioned that weighing process. Although the commissioner's findings are not a model of clarity, we think they are sufficient to show that petitioner failed to prove that granting it new authority to serve between Eugene and Corvallis would be in the public interest. An applicant must sustain that burden of proof. *Bend-Portland Truck Serv. v. P.U.C. et al*, 221 Or 514, 351 P2d 1117 (1960), *Borich Transfer Co. v. Haley*, 2 Or App 606, 469 P2d 638 (1970).

In his letter opinion prior to the issuance of the peremptory writ herein appealed from, the trial judge noted the finding of the commissioner to the effect that there would be no impairment in Greyhound's ability to adequately serve the public if the application of Mt. Hood Stages, Inc. were granted. The trial court then said:

> "* * * Having found no such evidence, the Commissioner then erroneously assumes that the granting of the application would result in impairment. Such an assumption is not based upon any evidence in the record. * * *"

The trial court appeared to be of the opinion that the petitioner must be granted the authority requested if it did not impair Greyhound's ability to serve the public. That result was not required by the Supreme Court's opinion in *Mt. Hood Stages v. Hill*,

supra. The Supreme Court simply directed that the commissioner enter an order supported by proper findings. Implicit in the Supreme Court's mandate is the duty imposed on the commissioner to make findings in conformity with ORS 767.135 (4). While a finding as to impairment of existing operations was a material factor under the former provisions of that statute, it was not the only factor. In addition to purely formal findings relating to the applicant's willingness and ability to serve the public, that statute requires a finding that the requested authority is in the public interest before it can be granted. The statute does not require, nor did the Supreme Court require in the first round of this case, that a permit must be granted in the absence of a finding that the permit would impair the ability of an existing carrier to continue its service. See *Borich Transfer Co. v. Haley*, supra, at 613-14.

The commissioner found that it would not be in the public interest to grant authority to petitioner to provide bus service between Eugene and Corvallis, and ordered accordingly. The order was supported by findings, and thus complies with the direction previously given by the Supreme Court.

Reversed and remanded with directions to dismiss the peremptory writ and for proceedings consistent with this opinion.